## No. 8794.

### SUCCESSION OF MRS. T. P. GUSMAN.

### ON APPLICATION OF GEORGE GARIG TO BE APPOINTED EXECUTOR, AND OPPOSITION OF MRS. Z. E. HEARSEY AND HUBSAND.

Where an application is made for the appointment of a curator, administrator, or dative testamentary executor, notice of the application should be published for ten days in the manner prescribed by law. If no opposition is made thereto, and this fact is made known to the Judge, he should thereupon make the appointment, upon the applicant giving the required bond and taking the prescribed oath. · Before such appointment is made a tender of a bond is premature; and the appointment of another party upon an allegation that the first applicant had failed to give a sufficient bond, is illegal, where such first applicant had never been appointed, and where only the notice of his application had been published.

Notice of such application must precede the appointment.

Where an appointment has been made and the party fails to qualify in ten days thereafter, the appointment is vacated.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburne, J.*

*Thos. B. Dupree* for Applicant and Appellee.

*Ellis & Ellis* and *Cross & Jones* for Opponents and Appellants.

The opinion of the Court was delivered by

TODD, J. The facts relating to this controversy are substantially as follows:

On the 25th of September, 1882, Mrs. Z. E. Hearsey and husband filed an application in the District Court of the Parish of East Baton Rouge, for the probate of the last will of Mrs. Theatiste P. Gusman,

and for their appointment as dative executors, no executors being named in the will.

The District Judge, after fixing a day for the probating of the will, ordered that the application of the parties to be appointed executors be advertised for ten days. The will was probated on the 2d of October, 1882. On the 7th of the same month notice of the application of Mrs. Hearsey and husband for the appointment mentioned was advertised in the *Capitolian-Advocate*, a public newspaper.

On the 24th of the same month George Garig presented a petition to the court, alleging that Mrs. Hearsey and her husband had been appointed and confirmed dative executors of the last will of Mrs. Gusman, deceased, on the 13th day of October, 1882, but had failed to furnish the required bond and security, and that ten days had elapsed since their appointment, and prayed to be appointed dative executor of the last will of said deceased. Thereupon, on the same day, the petitioner, Garig, was appointed and confirmed as dative executor, and it was ordered that his application be published ten days in a public newspaper.

On the 25th of October, 1882, Mrs. Hearsey and husband filed an opposition to Garig's appointment, and alleged that they had seasonably presented a good and sufficient bond, and that the same had been refused by the clerk of the court. They prayed that opposition be maintained, and for their appointment as executors, and that letters of executorship be issued accordingly.

There was trial had on this opposition, and the same was dismissed and judgment rendered appointing Garig dative testamentary executor "upon his complying with the law," and from this judgment Mrs. Hearsey and husband have appealed.

The proceedings in the lower court, it will be seen from the foregoing statement, were marked with the greatest irregularities. In the first place, Mrs. Hearsey and husband were never appointed and confirmed as dative testamentary executors and, therefore, did not and could not vacate the appointment by any failure to comply with the requisites of the law. Yet upon such alleged forfeiture of the appointment the application of Garig is based. His petition distinctly states that the Hearseys were appointed and confirmed as executors, but had failed to furnish bond and security. The judgment or order of the court appointing and confirming Garig immediately on the presentation of his petition was evidently founded on the hypothesis that the Hearseys had been previously appointed and confirmed, but had forfeited the office for non-compliance with the law. As shown, the only proceedings respecting their application were, that the application was filed and ordered to be advertised, and no opposition had been

filed thereto, but acting upon the supposition that they had forfeited their right to the appointment, the Judge appointed Garig executor.

The Hearseys, leaving out of view their own application, as the parents and representatives of their minor children, who, by the will, (which appears in the record) were the universal legatees of the testatrix, had the legal right to oppose the appointment of Garig as executor; and without regard to any previous application and even considering the application of Garig as the only one made, his appointment was clearly unauthorized, for the reason that the notice prescribed to precede such appointment had not been given or published. This is an imperative requirement of the law. C. C. 1115, 1116; C. P. 967; 2 R. 391; 13 An. 582; 16 An. 231. And this Court has held, that under the Act of 1842, now made part of Article 1041, R. C. C., which provides that the Judge shall *forthwith* appoint a successor to an administrator who fails to qualify in ten days, that even in case of such failure, still no appointment can be made without previous publication. 13 An. 582.

The irregularities shown in the proceedings in this case have grown out of confused ideas touching the construction of the several Articles of the Code relating to this subject, Articles which, at first view, might be regarded as conflicting.

Art. 1115, C. C., prescribes: that the Judge, on receiving an application or request to be appointed curator of a succession, " must order public notice to be given, with notice to all who wish to make opposition thereto, to do it in ten days from the date of such notice." C. P. Art. 967 is to the same effect.

This notice has, by the decisions above cited, and under other provisions of law, been held requisite with regard to applications for appointment of administrators and dative executors.

Art. 1041 provides : " As soon as the inventory is finished, the Judge * * shall name an administrator to manage the property thereof, and oblige him to give good and sufficient security for the fidelity of his administration. * * * If the person appointed administrator shall suffer ten days to elapse after his appointment, without furnishing the security required, the Judge shall forthwith and *ex-officio* appoint a successor, as if no such administrator had been appointed."

This last clause of the Article is an amendment to the original Article, and is substantially the Act of 1842, referred to above, embodied therein.

Again, Article 1678, C. C., declares : " If the testator has omitted to name a testamentary executor, or if the one named refuses to accept, the Judge shall appoint one *ex-officio.*"

Succession of Gusman.

Article 1679: " The testamentary executor thus appointed by the Judge is bound to give security in the same manner as curators of vacant successions."

Under these Articles the proper mode of procedure is, first, to present a petition asking the appointment, whether it be of a curator, administrator or dative executor.

The Judge should thereupon give his order requiring notice of the application to be published in the manner and for the time prescribed by law; the object of the notice being to afford opportunity to those desiring it, to make opposition thereto.

If no opposition be made within the time prescribed, ten days, then the applicant, satisfying the Judge of that fact, should, by motion or orally, ask to be appointed, and the Judge should forthwith make the appointment, upon the applicant giving the required bond and taking the oath prescribed in ten days therefrom. If these essentials are complied with, then letters to the appointee should issue, and he could then become fully invested with legal authority to discharge all the functions of administration. If he should fail within that time thus to qualify, the Judge is authorized to declare and treat the appointment as vacated, and appoint *a successor* to the previous appointee.

In the instant case, Mrs. Hearsey and husband never having been appointed and confirmed as dative executors, the Judge *a quo* was not authorized to appoint another executor, as if they had been appointed, and by failure to comply with the requirements of the law had forfeited or vacated the appointment. And he was the less authorized to do so, for the reason that, though notice of their application had been duly published, no opposition had been made thereto.

The proceedings of Mrs. Hearsey and husband were irregular, inasmuch as after the delay had expired without opposition to their original application they made no further request, in view of no opposition being made to their application, to be appointed executors. Before their appointment they were under no obligation to tender a bond, no bond could be given, and the Judge was not called on and had no occasion to require one.

The opposition of Mrs. Hearsey cannot be considered as an application for her appointment as dative executrix, in furtherance of her petition for letters as such. The District Judge was not authorized to confer the appointment upon her in the absence of a proper showing of the publication of her application, the expiration of the delay within which the same could have been opposed, and the evidence that no opposition had been made thereto.

Up to the present day that petition has remained without action. We do not know in what condition it may exist before the lower court.

State ex rel. Bank vs. Mayor et al.

As long as it has not been granted or refused, opposition thereto is in time. There may now exist such opposition. If we were to confer the appointment, we might do so in disregard of some pending opposition. We deem that our action must be restricted to the rejection of Garig's application and a reserve of Mrs. Hearsey's rights.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court dismissing Mrs. Hearsey's opposition and conferring the appointment of dative executor on Wm. Garig be reversed; and it is now ordered and decreed that the application of said Garig for letters of dative executorship be rejected, reserving the right to Mrs. Hearsey and husband to further proceedings under their application for said appointment, the appellee to pay costs of both Courts.