The opinion of the court was delivered by
Nicholls, C. J.
Article 1048 of the Civil Code says: “ The security to be given by every administrator thus named shall be one-fourth beyond the estimated value of the movables and immovables, and of the credits comprised in the inventory, exclusive of the bad debts. By bad debts are understood those which have been prescribed against and those debts due by bankrupts who have surrendered no property to be divided among their creditors.”
It is not pretended that this claim has been prescribed, or that the United States has gone into bankruptcy, and it certainly must be classed as a “ credit.” Art. 1048, C. C., is intended to safeguard and protect all partners in interest against misconduct on the part of succession representatives, and to insure the faithful administration and proper application of everything of value which passes or is liable to pass through their hands, and it has to be construed liberally in aid of that purpose. We think this claim has reached a point at which it may be fairly presumed that within a short period the government will provide for its payment, and that the amount paid will pass into the hands of the administrator in office when the period for that payment arrives. The heirs have the right to anticipate the happening of that event, and, in view of the law’s necessary delays in removing one administrator and replacing him by *1312 another, if such necessity should arise, to make certain that when the payment is made the administrator then in position shall have fully guaranteed the fidelity of his gestión. .
We see no good reason why the administrator should not give the security now. Whether it be given now or later, the responsibility of the sureties will not be advanced to a date prior to that of legal settlement, nor will it be a dollar less in one case than in the other.
We see no necessity for the continued existence of the administration of this succession except for the collection of this very asset. There seems to be no property in his hands and no one could be injured by the present exaction of a new bond, whilst on the other hand the rights of all parties will be protected beyond all possible contingencies. If the administrator be unwilling to give the bond, it will be very easy for him to resign and permit some one to qualify who will give it. No one could possibly be prejudiced by this course and we think the heirs entitled to have it followed.
It is argued that, granting that additional security can be demanded, the tutrix of these children, who represent only one of five branches of heirs of Mrs. Anderson, would be only entitled to exact a new bond to cover one-fifth of the government claim, and that counsel of the tutrix has admitted a willingness that this should be done. We presume that counsel meant that the tutrix would be willing if the minors could be legally secured by such a bond, but it is evident they would not. In the first place, though the value of the assets of the succession has been brought to our notice, we are ignorant as to who the creditors may be or to what amount they may have claims. Again, the court would not be authorized to vary the form in which it should be given nor the effect of the same. A bond given for one-fifth of the claim, made in legal' form, would necessarily enure to the benefit of all parties in interest and could not possibly be limited to the protection of the minors alone. The latter, therefore, would not receive from such a bond the security which this expressed willingness to receive must be held to have contemplated. The other heirs have done nothing which would estop them from claiming the benefit of any bond which may be given, though they might not themselves have asked for it. We think the judgment of the court appealed from is correct and it is hereby affirmed.
Rehearing refused.