The opinion of the court was delivered by
Nicholls, C. J.
The succession of Alphonse Levy, although opened in February, 1896, has remained up to the present time without an administrator, though the properties of the various partnerships, corporations and joint companies in which the deceased had an interest had been placed by the court in the hands of liquidators, etc. Who has had, up to the present time, the custody of the property other than those so administered, which belongs directly to the deceased, does not appear. Lazare Levy declares he has accepted the succession as beneficiary heir; it is possible and probable that he has had charge in that capacity. C. C. 996, 997, 998.
The presumptive heirs in Europe do not appear to have taken any steps themselves in the way of either acceptance or renunciation of their brother’s estate, nor have creditors made any move to force them to declare their intention in that respect.
*1523 The inventories which have been taken are doubtless correct as inventories of the property of the different partnerships and stock companies in which the deceased had an interest (C. C. 1103, 1138, 1139); but the notaries who took them do not seem to have complied with Art. 1107, which requires them to make a distinction between properties held in entirety by the deceased, and that which belonged to him in part only. There should have been an estimate made of the value of the present or eventual interest of the deceased in such properties.
An administrator is responsible, not simply for the property in his possession and under his direct administration, but for a proper legal supervision over the administration of that in which the succession has an interest by those who have primarily the administration thereof and who are primarily responsible for the same. The extent of this responsibility may be hard to fix and determine, but none the less it ought to enter as a factor in the determination of the amount of the bond the administrator should give. It is a variable, a fluctuating and not a constant factor, and the amount can be added to from time to time as the court directs. It is obvious that the property of this succession should be placed under the charge of some person authorized to that effect by the court. Since this case has been submitted for decision, a motion has been made by all parties that we reverse the judgment of the lower court, and remand it with directions to the District Judge to grant the application made by Lazare Levy to be permitted to qualify as administrator upon giving security as proposed to be given by him. While we recognize the right of persons having exclusive interests in a particular matter to make such compromises and agreements concerning the same as to them may be deemed advisable, provided they be not contrary to the law, we can not be controlled by stipulations and agreements relatively to subjects in which third parties may be concerned. If the judgment of the District Court was really legally correct we could not reverse it and remand the case with directions as suggested (Succession of Hardy, 46 An. 1309). We-are, therefore, to inquire whether the District Judge, in reaching his conclusions, did not give too rigid an interpretation to a particular article of the Code, leaving other articles out of consideration.
Article 1048 of the Civil Code unquestionably declares, that “the security to be given by every administrator appointed under that *1524 article should be one-fourth beyond the estimated value of the movables and immovables and of the credits comprised in the inventory exclusive of bad debts;” but this does not mean that the inventories, as made, should conclusively fix and determine the amount of the security. If they are obviously defective as succession inventories, they are not absolute guides. In the case at bar to require a bond to be given to cover all the properties of all the partnerships and companies in which Alphonse Levy has an interest would practically be prohibitive of an administration of the succession, or lead to ruinous charges by way of administration commissions.
The District Oourt was clearly wrong in exacting the giving of such a bond. While Art. 1048 fixes the amount of the security to be given as therein provided, Art. 1041 seems to contemplate that there might exist a condition of things such as to allow some flexibility in the court in its decision as to the full amount. The variable factor we have mentioned is one which justifies the exercise of judicial discretion in determining to some extent the amount which an administrator should furnish as a guarantee for his proper administration (Labranche vs. Trepagnier, 4 An. 560), the amount so fixed being liable to be increased as changing conditions will call for.
If there were no one willing to take upon himself the duties and obligations of “ regularly appointed administrator ” of this succession (if we may so express ourselves) a question might arise whether we could not and might not be called upon in the exercise of our equitable powers to place its property in charge of a custodian or provisional administrator under temporary special bond as the court has sometimes deemed itself authorized to do in matters of abandoned property of corporations.
In the succession of De Flechier, 1 An. 21, one Domingon, who had been appointed administrator of that succession on condition of his complying with the requirements of the law, having assumed the administration without giving security as required, De Flechier, a beneficiary heir, alleging said fact, moved that he be dismissed from office. The fact alleged having been established, Domingon was removed’, and the court forthwith, without advertisement, appointed De Flechier in his stead. Domingon appealed. On appeal the judgment was affirmed. In its opinion, the court said: “ The appellee (De Flechier) was one of the beneficiary heirs of the deceased, and *1525 was a person to be preferred by the judge in selecting an administrator in place of the one removed (Old C. C. 1035; Rev. C. C. 1042). On the removal of the administrator it was necessary to appoint some one to take charge of the effects of the succession. The selection made by the judge we think a proper one. He appointed the appellee, and his appointment can stand provisionally until an application be made for the appointment of a regular administrator under the forms required by law, which, in a succession like this, we trnst, will not be necessary.”
It is enough for us, at the present time and on the issues made, to say that the judgment appealed from, as rendered, is erroneous.
For the reasons herein assigned, it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and the cause is remanded to the District Oourt for further proceedings according to law.