LAND, J.
 

 Octavia Harris died intestate in the city of New Orleans, leaving a small estate inventoried at $1,704.
 

 On- March 8, 1923, judgment was rendered in the civil district court for the parish of Orleans, recognizing Louisa Kibby, the widow of Henry Jones, and a sister of decedent, as her sole and nearest heir, and sending claimant into possession of the effects of the succession.
 

 This judgment was set aside by a judgment rendered May 15, 1923, at the instance of Lucy Kibby, wife of Louis Badger, the legitimate daughter of a deceased brother of Octavia Harris, She contested the claim of Louisa Kibby Jones to sole heirship, alleged the necessity for an administration of the estate, and asserted the right to be selected as administratrix in preference to Louisa Kibby Jones. The judgment of May 15,1923, recognized the claims of Lucy Kibby Badger as
 
 *194
 
 an heir, and designated her as administratrix.
 

 From this judgment Louisa Kibby Jones has prosecuted a devolutive appeal to this court.
 

 On December 10, 1928, Lucy Kibby Badger died, and her daughter, Octavia Hilliard, wife of Joseph Crosby, was substituted as party appellee.
 

 During the pendency of the appeal in this court, Octavia Hillard compromised her interest in the suit with Louisa Kibby Jones, and has filed a motion to discontinue same, with an agreement to a consent judgment setting aside the judgment of May 15, 1923, and reinstating the judgment of March 8, 1923, rendered in the civil district court, recognizing Louisa Kibby Jones as the sole heir of Octavia Harris, deceased.
 

 The trial judge has decided that an administration of the estate of Octavia Harris is necessary. The judgment of May 15, 1923, which it is proposed to set aside by consent, is one selecting appellee Lucy Kibby Badger as administratrix. It is clear, therefore, that the creditors of the succession are third persons, who are concerned in this judgment.
 

 As announced in Succession of Levy, 48 La. Ann. 1520, 1524, 21 So. 82, 84: “While we recognize the right of persons having exclusive interests in a particular matter to make such compromises and agreements concerning the same as to them may be deemed advisable, provided that they be not contrary to law, we cannot be controlled by stipulations and agreements relative to subjects in which .third persons are concerned. If the judgment of the District Court was really correct we .could not reverse it and remand the case with directions as suggested (Succession of Hardy, 46 La. Ann. 1309, 16 So. 208).”
 

 There can be no serious question as to the necessity for an administration of the estate of Octavia Harris. The record discloses that part of the effects of the succession is alleged to be in the hands of third persons ; that there are disputed claims to be litigated and adjusted; and that there are debts to be paid.
 

 The fact that during this appeal appellant has acquired the interest of the other heir, appellee, presents no sound reason why the administration should be brought to an end, as appellant’s interest as heir is purely residuary.
 

 Besides, the judgment appointing an administratrix is for the protection of creditors, third persons, and cannot be set aside to their prejudice merely by the consent of the parties to this suit to a judgment, recognizing appellant as the sole heir and placing her in possession of the effects of the estate.
 

 For this court to render such a judgment, or remand the ease for that purpose, would be virtually to place the largest part of the effects of the estate beyond the reach of the creditors, as such effects consist mainly of bank deposits and life insurance policies.
 

 For these reasons, the motion for judgment by consent in this case is overruled, and the judgment appealed from is affirmed.
 

 O’NIBLL, C. J., is of the opinion that the appeal should be dismissed because it is admitted that the appellant has bought out the appellee.
 

 ST. PAUL, J., dissents, on the ground that the motion of appellant should be granted; no one else having any interest whatever in the matter.