## DIXON v. DAVIS.*

### No. 1383.

Court of Appeal of Louisiana. First Circuit.

June 11, 1934.

Benj. W. Miller, of Bogalusa, for appellant.

Talley & Cassidy, of Bogalusa, for appellee.

MOUTON, Judge.

Esco Davis died in Washington parish in April, 1933, leaving a small estate.

Cora Lee Davis, defendant, his surviving widow, was appointed administratrix of his succession June 28, 1933.

An inventory was taken of the estate which was advertised for sale to pay debts.

This sale was enjoined by plaintiff, Gladys May Dixon, as the sole surviving heir of Esco Davis.

Among various grounds constituting her complaint, plaintiff alleges that the appointment of defendant as administratrix is null, because she failed to furnish bond, as such, in ten days as prescribed by law.

Article 1041, Civil Code, says that the judge shall, as soon as an inventory is taken of a succession, appoint an administrator who shall furnish good, sufficient security or else shall give a mortgage to guarantee the fidelity of his administration.

Immediately succeeding the foregoing requirement, the article continues and reads as follows: "If the person appointed administrator shall suffer ten days to elapse after his appointment, without furnishing the security required, the judge shall forthwith and ex officio appoint a successor, as if no such administrator had been appointed."

The appointment of defendant as administratrix was made on June 28, 1933, and her bond was furnished September 1, 1933, over sixty days thereafter.

Attorneys for defendant contend that the provisions of article 1041, Civil Code, requiring the administrator to furnish his bond in ten days from his appointment, is directory and not mandatory. If furnished after the expiration of ten days, as was done in this case, the contention is that this is a substantial compliance with the law and that the appointment is valid.

■ We think that the provision of the article fixing the time limit within which the security shall be furnished is not directory but is clear, positive, unequivocal, and mandatory.

■ We believe also that this is shown by the decisions hereafter cited which hold that the failure of the administrator to furnish his bond in ten days vacates and forfeits the office.

In the Succession of Mrs. Gusman, 35 La. Ann. 404, George Garey applied to be appointed dative executor of the estate, alleging that Mrs. Hearsay and husband had been appointed executors but had failed to furnish the required bond and security within ten days, as required by law.

George Garey was not successful in his application for appointment as executor because, as was stated by the court, Mrs. Hearsay and her husband had never been appointed executors of the estate, and therefore it could not be held they had forfeited an office to which they had not been appointed.

In passing on this feature of the case, the court said: "In the instant case, Mrs. Hearsey and husband never having been appointed and confirmed as dative executors, the Judge a quo was not authorized to appoint another executor, as if they had been appointed, and by failure to comply with the requirements of the law had forfeited or vacated the appointment."

If Mrs. Hearsay and her husband had not merely applied for the executorship but had actually been appointed, as was Cora Lee Davis, defendant herein, it is obvious, from the expression of the court in the case above cited, that it would have been held that they had "vacated or forfeited" the appointment.

Counsel for defendant say, when the expressions of the law are dubious, the effectual way of discovering its true meaning is to

consider its reason, and, with that idea in mind, they suggest that we refer to Civil Code, arts. 1041 and 1132.

Before entering into a comparison of these two articles of the Code, we must frankly say that we are unable to find anything dubious in the provisions of article 1041, C. C., wherein it says that the administrator shall furnish the security in ten days from his appointment. The language used in that article, as we read it, is direct, clear, emphatic, and, if there be any ambiguity in its provisions, it has been beyond our ability to detect.

We will, however, consider its provisions in reference to article 1132, Civil Code, as suggested by counsel for defendant.

In the Succession of Withers, 45 La. Ann. 563, 12 So. 875, 877 (body of decision), the court had occasion to interpret articles 1041 and 1132, Civil Code, in their relation to each other. It was stated in that decision that article 1041, C. C., relates to legal successions and article 1132 to vacant successions. The conclusion reached by the court in that opinion is that the failure of a testamentary executor to file his bond in ten days from his appointment did not vacate his trust ipso facto. This ruling was applied under the provisions of article 1132, C. C., and it was held, thereunder, that a judgment by the court was required to divest the executor of his trust.

The court says further: "It is true that similar provisions of the Code put the power of appointment ex officio of a successor on the ground that the first appointee had failed to furnish the security required (Rev. Civil Code, art. 1041), thus differing apparently from the quoted provisions of the Code and Statutes (Id., art. 1132; Rev. St. §§ 11, 1110)."

The court said, referring to article 1041, that it apparently differed "from the quoted provisions of the Code;" and the opinion shows that the quoted provision was from article 1132, C. C.

In the Succession of Withers, above cited, it was held that the filing of the bonds of executors and of curators coming under the provisions of article 1132, Civil Code, required action of the court to divest these succession representatives from their trust if the security was not furnished in ten days—and that for failure to file the bond within the time so specified did not ipso facto vacate the trust.

It appears from that decision, as we read it, that where an administrator, under article 1041, C. C., fails in that respect, he forfeits and vacates the office, as was held in Gusman's Succession, hereinabove referred to.

The fact itself of the failure to file the bond within the time specified vacates the trust—a real tragedy, as some believe, where the fact kills the theory.

In Succession of Alphonse Levy, 48 La. Ann. 1520, 21 So. 82, the court held that under article 1041, C. C., judicial discretion could be exercised to determine the amount of the bond the administrator should furnish. In that case, a rule was filed to have the court determine the amount of the bond the administrator should give, but it nowhere appears that it was furnished by the administrator after ten days had elapsed from the date of his appointment.

No doubt, within ten days, the court can exercise its authority to have an amount fixed in the bond commensurate to the responsibilities of the trust. If, however, it were held that the bond could be furnished after the expiration of the ten days, what time limit could the court fix?

In this case, it was furnished more than sixty days after the appointment of the administratrix. If it had been filed a year or two thereafter, could it not be said with equal plausibility that no harm could follow, as the bond then furnished guaranteed full responsibility for the estate?

We are of the opinion that the provisions of article 1041, C. C., are mandatory, and that defendant's failure to furnish her bond in ten days from her appointment ipso facto vacated and forfeited her trust.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and it is now ordered and decreed that defendant's appointment as administratrix of the succession of Esco Davis be, and is hereby, declared null and of no effect; and that all proceedings inaugurated by her as administratrix of said succession be, and are hereby, declared void and of no effect; and that defendant pay all cost of this suit.

ELLIOTT, Judge (concurring).

In addition to what is said in the opinion, I would like to add that the Civil Code, art. 1159, provides: "The curator may be superseded by the judge who has appointed him: If, three days after having been appointed curator, he refuses or neglects to give the security required of him by law." And article 1049 provides: "The administrators thus chosen have the same powers and are subject to the same duties and responsibilities as the curators of vacant estates, under the modifications hereafter made." The article last men-

tioned is found under section 3 of chapter 6 title 1, Book 3 of the Code, and which has reference to the appointment of administrators, while the article first mentioned is found under chapter 8, section 5, and deals with the appointment of curators of vacant successions and of absent heirs.

I think the special provision contained in article 1041 found in section 3 of chapter 6 must govern as to the duty of a party appointed administrator. I think the opinion on the subject handed down is correct.

Rehearing Denied June 28, 1934.