426 So.2d 1366 (1983)
SUCCESSION OF Joseph L. ARMENTOR.
No. 82-460.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Caffery, Oubre & Dugas, Jerry A. Oubre, New Iberia, for mover-appellant.
Thompson, Sellers & Bundick, Jan F. Rowe, Abbeville, for respondent-appellee.
Before GUIDRY, CUTRER and LABORDE, JJ.
*1367 CUTRER, Judge.
This appeal involves a dispute over the appointment and qualification of Brownie Hebert as administrator of the Succession of Joseph L. Armentor.
Joseph Armentor died on March 11, 1981. The deceased was survived by Marguerite Armentor, his second wife, and one child born of that marriage, Cheryl. Armentor was also survived by a son, Brownie, born of his first marriage to Elva Vincent. Armentor and Elva divorced in 1956 and she married Charles Hebert who adopted Brownie. Brownie Armentor thus acquired the last name of Hebert and will be referred to herein as Brownie Hebert.
On March 23, 1981 (eleven days after the death), Brownie Hebert filed a petition for notice of application for appointment as administrator of Mr. Armentor's succession. With no action taken on the administration of the succession for five months by Mrs. Armentor, Hebert filed a petition for appointment as administrator of the succession on October 30, 1981. The trial court ordered the appointment of Brownie Hebert as administrator of the Succession of Joseph L. (L.J.) Armentor and required him to file a detailed descriptive list of the property belonging to this succession. The order further required Hebert to furnish security in an amount exceeding by one-fourth the total value of all property of the succession.
On March 11, 1982, Hebert filed the required descriptive list of property, the value of which totaled $270,487.00. He also filed a security bond in the amount of $338,000.00. On this date Hebert also took the oath and was issued letters of administration.
On March 22, 1982, Mrs. Armentor filed a rule requiring Hebert to show cause why Hebert's appointment should not be set aside and why Mrs. Armentor should not be appointed administratrix of the Succession of Armentor on the ground that she is better qualified than Hebert to administer the succession. On May 14, 1982, Mrs. Armentor amended her motion by alleging that Hebert had failed to qualify as administrator within the time allowed by law. She also alleged that Hebert failed to furnish the proper security as required by law.
Hebert also filed a rule to require Mrs. Armentor to show cause why she should not turn over to Hebert all succession assets she had in her possession.
This matter came before the trial court for hearing on May 28, 1982. The court rendered judgment dismissing Mrs. Armentor's opposition to Hebert's appointment. The judgment also ordered Hebert to furnish additional security in the amount of $108.75. The court made Hebert's rule absolute and ordered Mrs. Armentor to turn over all assets of the succession to Hebert. From this judgment Mrs. Armentor appeals. We affirm.
The issues on appeal are:
(1) Whether the trial court erred in holding that Hebert timely qualified as administrator;
(2) Whether the trial court erred in failing to disqualify Hebert for not posting proper security;
(3) Whether Hebert should be removed and Mrs. Armentor appointed as administratrix on the ground that she is better qualified than Hebert;
(4) Whether Hebert should be disqualified on the ground that he had allegedly agreed to withdraw in order to allow Mrs. Armentor to qualify; and
(5) Whether the trial court erred by ordering Mrs. Armentor to turn over the assets of the succession to Hebert.

TIMELINESS OF QUALIFICATION
The order of the trial court appointing Hebert as administrator was signed on October 30, 1981. Hebert filed the required descriptive list and bond on March 11, 1982. He took the oath of office and was issued letters of administration on this latter date.
Mrs. Armentor contends that Hebert qualified more than ten days after appointment and thus his appointment should be *1368 set aside. Mrs. Armentor relies on the case of Dixon v. Davis, 155 So. 407 (La.App. 1st Cir.1934), which held that it was mandatory that a person qualify within ten days of appointment as administrator and, if a person did not qualify within this ten days, his qualification would be set aside.
Dixon enforced LSA-C.C. art. 1041 which mandated a forfeiture where an administrator failed to post security within ten days of his appointment. LSA-C.C. art. 1041 has since been repealed and replaced by LSA-C. C.P. art. 3181 which reads:

"If a person appointed or confirmed as succession representative fails to qualify for the office within ten days after his appointment or confirmation, on its own motion or on motion of any interested person, the court may revoke the appointment or confirmation, and appoint another qualified person to the office forthwith.

"The delay allowed herein for qualification may be extended by the court for good cause shown." (Emphasis ours.)
We note the use of the word "may" in this article. It is our interpretation of this article that the trial judge is now afforded discretion in deciding whether to enforce the ten day qualifying period. The trial court, in its discretion, allowed the administrator four and one-half months after appointment to qualify.
The evidence reflects that there was considerable communication between Hebert and Mrs. Armentor through their attorneys after Hebert's appointment and before qualification. This exchange involved the possibility of Hebert stepping down in order to let Mrs. Armentor qualify. The communication failed to bear any fruit and Hebert finally qualified as administrator.
In view of the extended negotiations between these parties regarding the administration of the succession we conclude the trial court did not abuse its discretion in allowing qualification after the ten day period.

SUFFICIENCY OF THE SECURITY
Mrs. Armentor also contends that Hebert failed to qualify for the office of administration because he did not file the proper amount of security. Hebert filed a bond in the amount of $338,000.00. This amount was $108.75 less than the amount required by law.[1]
On this point the trial court stated:

"The opponent also argues that Mr. Hebert did not post adequate security in disregard to the specific requirements of Louisiana Code of Civil Procedure Article 3151 and the Court order of October 30, 1981 appointing him. Counsel points out that the administrator's bond in the amount of $338,000.00 fails by the sum of $108.75 to equal 1¼ times the total gross evaluation of the decedent's estate of $270,478.00 (sic). The Court finds this to be more in the nature of a clerical error and following the latin maxim of `de minimus non curat lex' and the provisions of Louisiana Code of Civil Procedure Article 5125, the Court will permit respondent to furnish additional security of $108.75....."

By allowing Hebert to correct his error the trial court complied with the dictates of LSA-C.C.P. art. 5125 which reads, in pertinent part:

"No appeal, order, judgment, writ, mandate, or process conditioned on the furnishing of security may be dismissed, set aside, or dissolved on the ground that the bond furnished is insufficient or invalid unless the party who furnished it is *1369 afforded an opportunity to furnish a new or supplemental bond, as provided in Articles 5124 and 5126."

The trial court correctly allowed the correction of the clerical error.
Mrs. Armentor additionally contends Hebert did not properly qualify as administrator because Hebert did not furnish the supplemental bond of $108.75 within the four day time limit as allowed by law.[2] This objection was not presented to the trial court as this occurred after judgment was rendered by the trial court. Under these circumstances, the issue is not before this court.

QUALIFICATION OF HEBERT
Mrs. Armentor claims that, as the surviving spouse intimately familiar with the deceased's affairs, she is better qualified to administrate the Armentor succession. Mrs. Armentor cites LSA-C.C.P. art. 3098 as authority for her entitlement to a preference over Hebert. Article 3098 reads:
"When the appointment as administrator or dative testamentary executor is claimed by more than one qualified person, except as otherwise provided by law, preference in the appointment shall be given by the court in the following order to:
(1) The best qualified among the surviving spouse, competent heirs or legatees, or the legal representatives of any incompetent heirs or legatees of the deceased;
(2) The best qualified of the nominees of the surviving spouse, of the competent heirs or legatees, or of the legal representatives of any incompetent heirs or legatees of the deceased; and
(3) The best qualified of the creditors of the deceased. `Best qualified,' as used in this article, means the claimant best qualified personally, and by training and experience, to administer the succession."
In his reasons for judgment the trial judge properly disposed of this issue as follows:
"Had the Court been petitioned by Mr. Hebert and Mrs. Armentor simultaneously, or at a time when the Court would have been required to weigh their respective qualifications pursuant to the provisions of Article 3098 of the Louisiana Code of Civil Procedure, Mrs. Armentor may well have prevailed. However, that is not the case in this opposition. Mr. Hebert has been appointed and has qualified. Mrs. Armentor does not allege nor does the Court find any basis for the disqualification of Mr. Hebert by virtue of any of the bases set forth in Article 3097 of the Louisiana Code of Civil Procedure."
The trial court correctly held that LSA-C.C.P. art. 3098 does not apply to the instant case. These priorities apply where one qualified claimant opposes the appointment of another qualified claimant and provokes a hearing on the opposition prior to the appointment. Succession of Smith, 219 So.2d 291 (La.App. 3rd Cir.1969). As correctly stated in the reasons for judgment, Hebert had already been appointed, therefore, LSA-C.C.P. art. 3098 is inoperative. The disqualification of an administrator can be accomplished only for the reasons set forth in LSA-C.C.P. art. 3097.[3]

AGREEMENT
The record establishes that counsel for the parties discussed the voluntary *1370 withdrawal of Hebert as administrator of the Armentor succession. Counsel for Mrs. Armentor argued at the hearing and argues before this court that counsel for Hebert agreed to step down as administrator, but without further communication Hebert qualified as administrator. Counsel for Hebert argued at the hearing and argues before this court that Hebert did not "unilaterally" agree to withdraw. Counsel for Hebert argues that his client would have considered withdrawing if Mrs. Armentor had taken steps to open the succession. Since Mrs. Armentor took no steps to qualify, Hebert proceeded to do so. We conclude that, while such a discussion may have taken place, it failed to culminate in the replacement of Hebert. Such an occurrence would not serve as disqualification of Hebert as administrator under the provisions of LSA-C.C.P. art. 3097, supra.

ASSETS OF THE ARMENTOR SUCCESSION HELD BY MRS. ARMENTOR
Mrs. Armentor contends the trial court erred in ordering her to turn over all the succession assets held by her.
The Louisiana Code of Civil Procedure establishes the duties and rights of succession representatives:

"A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act...." LSA-C.C.P. art. 3191.

"A succession representative shall be deemed to have possession of all property of the succession and shall enforce all obligations in its favor." LSA-C.C.P. art. 3211.

"A succession representative shall preserve, repair, maintain, and protect the property of the succession." LSA-C.C.P. art. 3221.

"It shall be the duty of a succession representative to close the succession as soon as possible." LSA-C.C.P. art. 3197.
In order to comply with the duties of his office Hebert must administrate all the assets of the Armentor succession. Hebert had the right to require Mrs. Armentor to turn over to Hebert all succession assets which she had in her possession. The trial court correctly ruled that Mrs. Armentor must transfer all succession assets to Hebert.
For these reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to Mrs. Armentor.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 3151 provides:

"Except as otherwise provided by law, the person appointed administrator shall furnish security for the faithful performance of his duties in an amount exceeding by one-fourth the total value of all property of the succession as shown by the inventory or descriptive list.
"The court may reduce the amount of this security, on proper showing, whenever it is proved that the security required is substantially in excess of that needed for the protection of the heirs and creditors."
[2] LSA-C.C.P. art. 5124 provides, in pertinent part:

"Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental bond, with either the same surety if solvent, or a new or additional surety."
[3] LSA-C.C.P. art. 3097 provides:

"No person may be confirmed as testamentary executor, or appointed dative testamentary executor, provisional administrator, or administrator who is:
(1) Under eighteen years of age;
(2) Interdicted, or who, on contradictory hearing, is proved to be mentally incompetent;
(3) A convicted felon, under the laws of the United States or of any state or territory thereof;
(4) A nonresident of the state who has not appointed a resident agent for the service of process in all actions and proceedings with respect to the succession, and caused such appointment to be filed in the succession proceeding;
(5) A corporation not authorized to perform the duties of the office in this state; or
(6) A person who, on contradictory hearing, is proved to be unfit for appointment because of bad moral character.
"No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased."