11 STEWART, Judge.
Louis R. Bradley was named administrator of the Succession of Nero Bradford. An heir, Gertha Mae Thomas, successfully challenged Bradley’s appointment and Bradley was dismissed. Subsequent to the filing of the judgment whereby he was dismissed as administrator, Bradley sold immovable property of the succession to a third party. That sale was also challenged by Thomas, who was awarded judgment of default. Bradley appeals both rulings. We affirm.
FACTS
Nero Bradford died testate on August 12, 1984. He was survived by four sisters, Ger-tha Mae Thomas, Daisy Bradford, Pernellow Bradley, and Bertha Anderson. Bradford named Gertha Mae Thomas as the universal legatee. Bradford’s other three sisters successfully challenged the will and it was annulled. After several disputes in court, Louis R. Bradley, son of Daisy Bradford and nominate of Daisy Bradford, Pernellow Bradley, and Bertha Anderson, was appointed administrator of the succession.
Following that appointment, Gertha Mae Thomas filed an exception of no right of action, claiming that her status as heir gave her priority over Bradley to administer the succession. On April 18, 1994, the exception was heard and sustained in open court, based on the trial court’s finding that Bradley was not qualified to be administrator. Bradley was, therefore, dismissed. The judgment was filed on May 23, 1994. Bradley filed a motion for new trial on that date, which motion was denied on July 20, 1994.
On April 24, 1994, Bradley sold immovable property of the succession, described as the East Half of Southeast Quarter of Northeast Quarter (E2 SE/4 NE/4), Section 31, Township 15 North, Range 4 West, Bienville Parish, Louisiana, to Horace Clinton Loyd and Ora B. Jacobs Loyd. On August 24, 1994, Thomas |2filed a petition to annul the sale because Bradley had been relieved of his duties as administrator when the sale was made and recorded. Bradley failed to file an answer, but filed a motion and order to stay these proceedings, pending an appeal on the exception of no right of action. The trial court dismissed the motion to stay following a hearing on the matter. Three days later, on September 19, 1994, Thomas obtained a *250 preliminary default which was confirmed on September 22, 1994, annulling the sale of property to the Loyds.
Bradley has appealed from both judgments and the matters have been consolidated. He asserts that the trial court erred in sustaining the exception of no right of action, in annulling the sale of succession property, and in denying the motion to stay. We affirm.
DISCUSSION

Bradley’s Qualifications as Administrator

The first issue before us is whether the trial court erred in sustaining the exception of no right of action, thereby removing Bradley as succession administrator. The trial court concluded that, pursuant to Article 3097 of the Louisiana Code of Civil Procedure, Bradley was not qualified to be the administrator of Nero Bradford’s estate.
LSA-C.C.P. Art. 3097 provides the grounds which, when present, prevent a person from being confirmed as administrator. Persons who may not serve as administrator include those under age eighteen, those who have been interdicted or proved mentally incompetent, convicted felons, nonresidents who have not appointed a resident agent for service of process for purposes of the succession, unauthorized corporations, or those proved to be of bad moral character. Furthermore, the article provides that:
|gB. No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased or a creditor of the estate of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased, or a co-owner of immovable property with the deceased.
The court has within its discretion the power to remove any succession representative who is or has become disqualified or has failed to perform any duty imposed by law. LSA-C.C.P. Art. 3182; Succession of Revere, 393 So.2d 153 (La.App. 1 Cir.1980); Succession of Voland, 296 So.2d 406 (La.App. 4 Cir.1974) writ denied, 300 So.2d 184.
Thomas posits that LSA-C.C.P. Art. 3098 is also applicable to the instant case. However, that article, which provides for the priority of appointment when one or more person desires to be administrator, applies only to those situations where one qualified claimant opposes the appointment of another qualified claimant and provokes a hearing on the opposition prior to the appointment. Succession of Armentor, 426 So.2d 1366 (La. App. 3d Cir.1983). Because Bradley had already been appointed, LSA-C.C.P. Art. 3098 is inoperative. The disqualification of an administrator can be accomplished only for the reasons set forth in LSA-C.C.P. Art. 3097. Succession of Armentor, supra.
When Bradley was nominated for the position of administrator, three of the four heirs joined in his nomination. Thomas did not agree to his nomination. Thus the question becomes whether Thomas’ acquiescence in the nomination of Bradley was required for him to qualify as administrator. While Code of Civil Procedure Article 3097 refers to the term “heir” in its singular form, we interpret it, guided by the rules of construction found at LSA-C.C.P. Art. 5055, to apply also to the plural. Because Bradley is not the nominee of all the heirs to Nero Bradford’s succession, we find that he is not qualified to serve as administrator pursuant to the mandate of ULSA-C.C.P. Art. 3097B. The trial court did not, therefore, abuse its discretion in removing Bradley from his administrative role.

Sale of Succession Property by Bradley

The next issue is whether the trial court erred in nullifying the sale of property of the succession when the sale was made after Bradley had been judicially relieved of his duties as administrator. The judgment to annul the sale was granted by default. Bradley did not file an answer in this matter until the day after the default judgment was confirmed.
Bradley argues that the sale should not have been annulled because Thomas, who brought the action, was not the proper party to bring it as she was neither the succession *251 representative nor had she been put into possession of Bradford’s estate and therefore could not file an action to set aside the sale of the property pursuant to LSA-C.C.P. Arts. 681, 685, and 3211. However, any question as to Thomas’ ability to file suit should have been raised by a dilatory exception of lack of procedural capacity. If not filed prior to answer, dilatory exceptions are waived. LSA-C.C.P. Art. 926; Rogers v. Read, 355 So.2d 46 (La.App.2d Cir.1978), rehearing denied. Because Bradley did not file a dilatory exception of lack of procedural capacity, he waived his right to raise the issue now.
At the hearing to confirm the default judgment, Thomas introduced the entire record as prima facie proof that Bradley was served with process, but did not answer the petition and that he had no authority to sell the property, as he was no longer administrator when he sold the property. We find that the trial court did not abuse its discretion in accepting the record as prima facie proof of the demand. Cf. LSA-C.C.P. Art. 1702. Thus, the trial court did not abuse its discretion in annulling 15the sale of succession property sold by Louis Bradley following his removal as succession administrator.

Denial of Bradley’s Motion to Stay

Bradley assigned as error the trial court’s failure to grant his motion to stay proceedings on the petition to annul the sale of succession property. He did not brief this assignment. Issues not briefed are abandoned. Ct. of App.Rule 2-12.4. Hence, we will not entertain this assignment of error.
CONCLUSION
For the foregoing reasons, we find that the trial court did not err in dismissing Louis R. Bradley as administrator of Nero Bradford’s estate because he was not qualified as required by LSA-C.C.P. Art. 3097. Furthermore, the trial court did not err in annulling, by default judgment, the sale by Bradley of succession property when Bradley failed to file an answer and when said sale was made after he was dismissed as administrator. The judgments of the trial court are affirmed. Costs of these proceedings are taxed to the appellant.
AFFIRMED.