JiDECUIR, Judge.
This is an appeal from a trial court’s denial of a petition for declaratory judgment. The sole issue on appeal is whether the trial court erred in finding that the filing of a Request for Notice of Application for Appointment as Administrator did not constitute the “judicial opening” of the succession.
FACTS
Eliza Laviolette, widow of Rene Doucet, made a French Will on October 4,1990. The will was recorded on October 5, 1990, in the office of the Clerk of Court for Vermilion Parish. Eliza Laviolette died on March 24, 1991.
Royce Duhon, the grandson of Laviolette, filed a Request for Notice of Application for Appointment as Administrator with the Clerk of Court for Vermilion Parish on April 2,1991. On November 18, 1991, Duhon filed a notice of deposition for Hazel Doucet, a daughter of Laviolette and one of two named legatees in her will. Doucet’s deposition was taken on December 5, 1991, but does not appear in the record.
On June 20, 1996, Duhon filed a Petition for Declaratory Judgment. Duhon sought to have the court declare that the time for probating the recorded testament of Eliza Laviolette had prescribed and that the succession must be treated as intestate. _JjThe trial court denied the petition finding that the succession had not been “judicially opened” and, therefore, the time for probat *340 ing the testament had not prescribed. Du-hon lodged this appeal.
DISCUSSION
By this assignment, Duhon alleges the trial court erred in finding that the filing of a Request for Notice of Application for Appointment as Administrator is not a “judicial opening” of a succession. We disagree.
Duhon sought to have Laviolette’s estate declared intestate relying on two statutes, La.Code Civ.P. art. 2893 and La.R.S. 9:5643. La.Code Civ.P. art. 2893 provides:
No testament shall be admitted to probate unless a petition therefor has been filed in a court of competent jurisdiction within five years after the judicial opening of the succession of the deceased.
(Emphasis added.)
La R.S. 9:5643 provides:
The right to probate a purported testament in a succession proceeding shall prescribe five years after the date of the judicial opening of the succession of the deceased.
(Emphasis added.)
Strictly speaking, a succession becomes open immediately upon the death of the deceased. La.Civ.Code art. 934. This is not, however, the “judicial opening” of the succession. The “judicial opening” of the succession is what is contemplated in La.Code Civ.P. art. 2811. That article requires that:
A proceeding to open a succession shall be brought in the district court of the parish where the deceased was domiciled at the time of his death.
The question before us then is whether the filing of a Request for Notice of Application for Appointment as Administrator is a proceeding to open a succession. In other words, does such a filing “judicially open” the succession. Despite diligent ^efforts on the part of the trial court, the parties, and this court, no statutory or jurisprudential guidance was found for determining what acts constitute the “judicial opening” of a succession.
The trial court noted:
The purpose of succession proceedings is to judicially recognize the heirs or legatees as the owners of the property left by the deceased, and to place them in possession thereof. It has the further purpose, when necessary, of authorizing a representative to conduct the business of the estate.
In accordance with those principles the trial court continued:
... It is the Court’s opinion that the “judicial opening” occurs when some step is taken to either (1) place the heirs into possession of the deceased’s estate; or (2) have a succession representative appointed. Neither has occurred in these proceedings.
The request for notice filed in the record herein is directed to the Clerk of Court. It was not served on any party in interest (nor is it required to be). It requests no relief from the Court. It should not serve as an event sufficient to commence the running of the prescriptive period.
We agree with the trial court’s assessment that the “judicial opening” of a succession requires a substantive act consistent with the purposes of a succession. However, we believe the issue may be resolved more definitively by rules of statutory construction. La.Civ.Code art. 9 provides that:
When a law is clear and unambiguous and its application does not lead to absurd Consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
Moreover, it is presumed that every word, sentence, or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. D’Agostino v. City of Baton Rouge, 504 So.2d 1082 (La.App. 1 Cir.1987).
applying these principles to the present case, we must examine the statute authorizing the request for notice filed by Duhon. La.Code Civ.P. art. 3091 provides in pertinent part that:
An interested person desiring to be notified of the filing of an application for appointment as administrator, at any time *341 after the death of the deceased, may petition the court in which the succession has been opened, or may be opened, for such notice.
(Emphasis added.)
We find no ambiguity in this provision. Applying it as written, it is evident that Duhon was permitted to file the request irrespective of whether the succession had been opened. Likewise, in order to give effect to the phrase “or may be opened,” we must conclude that the filing of the request for notice does not in itself open the succession.
Accordingly, we find that the filing of a request for notice of application for appointment as administrator does not constitute the “judicial opening” of a succession for purposes of La.Code Civ.P. art. 2893 and La. R.S. 9:5643.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed to Royce J. Duhon.
AFFIRMED.