| a WALTER I. LANIER, Jr., Judge Pro Tern.
This is an appeal from a judgment sustaining a peremptory exception raising the objection of prescription in favor of Stephen Jules Daigle, Jr.’s daughter, Sharon Daigle Temple, and Daigle’s grandchildren, Misty Daigle Reynolds and Bruce Daigle, II. Appellant, Julie Adams Daigle, *85 the widow of Stephen Jules Daigle, Jr.[2] filed this suspensive appeal.
FACTS
Stephen Jules Daigle, Jr., (Daigle) died on September 1,1989,- survived by his wife, Julie Daigle, and his only two children, Sharon Daigle Temple and Bruce Daigle. On October 12, 1989, Bruce Daigle filed a petition for notification of the filing of an application for appointment of an administrator.[3] On December 20, 1989, Bruce Daigle filed a petition to be appointed provisional administrator of the succession of Daigle,[4] and it was so ordered.[5] On May 11, 1992, Bruce Daigle signed the required oath, and’ posted the required bond on May 19, 1992. On May 29, 1992, the clerk of court issued letters of administration.[6] On June 16, 1992, in response to a subpoena duces tecum, Julie Daigle filed a motion to quash the subpoena, and filed an opposition to the appointment of Bruce Daigle as provisional administrator. It was ordered that Bruce Daigle show cause on August 21, 1992, why the subpoenas should not be quashed. The next pleading to appear in the record is a petition for probate of testament filed by Sharon Daigle Temple on October 20, 1999.[7] On December 16, 1999, Sharon Daigle Temple and Daigle’s grandchildren, Misty Daigle Reynolds and Bruce Daigle, II, filed a [speremptory exception raising the objection of liberative prescription, pertaining to a petition to probate testament allegedly filed by Julie Daigle on the grounds that more than five years had elapsed since the judicial opening of Daigle’s succession in 1989, and asserting that under La. C.C.P. art. 2893 and La. R.S. 9:5643 the time for probating the testament had prescribed. On March 8, 2000, judgment was rendered in favor of Julie Daigle, overruling the objection of prescription. Temple, Reynolds, and Bruce Daigle, II applied for wits and filed a devolutive appeal contesting this ruling on April 26, 2000. On September 21, 2000, this court granted writs and vacated the trial court’s judgment of March 8, 2000, because the objection of prescription was in response to Julie Daigle’s petition to probate that was not in the record. On September 22, 2000, Julie Daigle again filed a petition to probate the testament. On October 19, 2000, Temple, Reynolds, and Bruce Daigle, II again filed a peremptory exception raising the objection of prescription to this petition. The trial court signed a judgment on December 13, 2000, *86 iñ favor of Temple, Reynolds, and Bruce Daigle, II, sustaining their objection of prescription. On December 15, 2000, Julie Daigle filed a motion for a rehearing. On January 2, 2001, this court dismissed the devolutive appeal of the March 8,' 2000 judgment because it was interlocutory and had not been made a final judgment. On February 15, 2001, the motion for rehearing on the December 13, 2000 judgment was denied. The December 13, 2000 judgment was made final on May 29, 2001, and Julie Daigle filed this suspensive appeal.[8]
THE OBJECTION OF PRESCRIPTION
Appellant asserts the trial court erred by sustaining the peremptory exception raising the objection of prescription.
La. C.C.P. art. 2893 states, “No testament shall be admitted to probate unless a petition therefore has been filed in a court of competent jurisdiction within five years after the judicial opening of the succession of the deceased.” To preclude any attack on the constitutionality of Article 2893 on the grounds that it is substantive rather than procedural, the legislature adopted La. R.S. 9:5643 which states, “The right to probate |4a purported testament in a succession proceeding shall prescribe five years after the date of the judicial opening of the succession of the deceased.” See Explanatory Note to La. R.S. 9:5643.
Appellant first contends the succession of Daigle was never judicially opened.
In Succession of Laviolette, 97-885, pp. 3-4 (La.App. 3 Cir. 12/10/97), 704 So.2d 339, 340, the court observed that no statutory or jurisprudential guidance is found for determining what acts constitute the “judicial opening” of a succession for purposes of La. C.C.P. art. 2893 and La. R.S. 9:5643. It found the filing of a petition for notice of application for appointment as administrator did not constitute the judicial opening of a succession.
In this case, however, a petition to be appointed provisional administrator was filed by Bruce Daigle in 1989. The court in Laviolette, held that the “judicial opening” of a succession requires a substantive act consistent with the purposes of a succession. Laviolette, 97-885, p. 3, 704 So.2d at 340. Thus, the appointment of an administrator “judicially opens” a succession. See e.g., Succession of Rovira v. Board of Comm’rs of Port of New Orleans, 418 So.2d 1382, 1385 (La.App, 4 Cir.), writ denied, 423 So.2d 1147 (La.1982), “where the court found the decedent’s succession was opened when the plaintiffs in that suit were named as co-administrators”; Beevers v. Burmaster, 00-1951, p. 7, n. 2 (La. App. 5 Cir. 4/11/01), 787 So.2d 381, 385, “where the court stated it appeared that the plaintiff had dealt with the problem of an unopened succession”, as he asserted that he had himself been named as provisional administrator of the succession; Succession of Armentor, 426 So.2d 1366, 1370 (La.App. 3 Cir.1983), “where the court indicated an heir failed to take steps to open the succession by failing to qualify as administrator”.
A succession proceeding is a.civil action used to transmit the estate of the deceased to his successors. See La. C.C. art. 871; La. C.C.P. art. 421. As such, it is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. See La. C.C.P. art. 421. The filing of a petition to be appointed provi *87 sional administrator is a pleading in a civil action which “judicially opens” the succession.
| sAppellant asserts that none of the requirements for the appointment óf a provisional administrator were followed; therefore, the appointment was invalid and should be set aside, and the succession declared not to be judicially opened. This argument is without merit. The record shows the requirements for the appointment of the provisional administrator were followed, even though Bruce Daigle did not take his oath, or post the required bond, until approximately two and a half years after his appointment.[9]
Appellant asserts the prescriptive period should not apply because no one had been put in possession of the decedent’s property at the time of the filing of the peremptory exception. Appellant contends the purpose of the article supports this argument. The revision comments to La. C.C.P. art. 2893 state the article “protects the titles to property deraigned from heirs of the decedent who may have opened his succession and caused themselves to be placed in possession, without knowing of the existence of a testament.” However, the rules on interpretation of laws are clear. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. (Emphasis added). La. C.C. art. 9; See also La. R.S. 1:4. There is nothing ambiguous in the language of La. C.C.P. art. 2893 or La. R.S. 9:5643.
Appellant contends the statutes in question conflict with La. C.C. art. 3470. That article states, “Prescription runs during the delay the law grants to a successor for making an inventory and for deliberating. -Nevertheless, it does not run against a beneficiary successor with respect to his rights against the succession.” La. C.C. art. 3470 was effective, January 1, 1983, and refers to a “beneficiary successor,” the | fidefinition of which was found in La. C.C. art. 879. La. C.C. art. 879 was repealed by Acts 2001, No. 572, § 2, and replaced by La. C.C. art. 876, which declares there are two kinds of successors, testate and intestate. La. C.C. art. 879, while in effect, defined beneficiary successors as those who accept under the benefit of an inventory as provided by law. Appellant cites Succession of Galiano, 195 So. 377 (La.App. Orleans 1940), and alleges it holds a beneficiary heir or successor is one who has accepted a succession or who may accept without the benefit of inventory. However, that case states, “It has been held that the term ‘beneficiary heir’ applies also to one who may accept, as well as to one who has accepted, the succession with the benefit of inventory. Whatever may be the situation with respect to the beneficiary heir in other matters, insofar *88 as prescription is concerned it runs against the heir until he has accepted the succession with the benefit of inventory.... ‘Prescription, in regard to claims which the heir may have against the succession, runs against himself, so long as he has not accepted the succession with the benefit of an inventory, and his acceptance as beneficiary heir cannot destroy prescription thus acquired against him during the interval of the opening of the succession.” ’ Succession of Galiano, 195 So. at 379-380 (Citations omitted). Furthermore, laws on the same subject matter must be interpreted in reference to each other. La. C.C. art. 13. If there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. Kennedy v. Kennedy, 96-0732, p. 2 (La.11/25/96), 699 So.2d 351, 358. In addition, laws are presumed to be passed with deliberation, and with full knowledge of all existing ones on the same subject. City of New Orleans v. Board of Supervisors of Elections for Parish of Orleans, 216 La. 116, 43 So.2d 237, 247 (La.1949). The statutes in question in this case deal specifically with the probate of a testament and, accordingly, must be given effect.
Appellant’s argument that prescription was interrupted when appellant filed an opposition to the appointment of a provisional administrator on June 16, 1992, is without merit. Though ordinarily the burden is on the party raising the objection of prescription to prove the facts supporting the objection, when a claim has prescribed on its face, the burden shifts to the party against whom prescription is asserted to prove ^prescription was interrupted or suspended.[10] Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459, p. 5 (La.App. 1 Cir.), 764 So.2d 1041, 1044, writ denied, 2000-1265 (La.6/16/00), 765 So.2d 338; see Bouterie v. Crane, 616 So.2d 657, 660 (La.1993). To do so, the proof must be clear, specific, and positive. Sandoz v. Dolphin Services, Inc., 555 So.2d 996, 998 (La.App. 1 Cir.1989).
Liberative prescription is a mode of barring of actions as a result of inaction for a period of time. La. C.C. art. 3447. La. C.C. art. 3462 provides, in pertinent part, “Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue.” La. C.C. art. 3464 provides, “Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.” By analogy, the prescriptive period applicable to the probate of a testament is interrupted by the filing of a petition to probate the testament in the proper court.[11] If the petition to probate is filed within five years of the judicial opening of the succession, the probate of the testament can proceed; if it is filed more than five years later, it is procedurally barred.
Appellant claims the filing of the opposition was the filing of a suit that “has never been resolved” and, therefore, prescription has been and continues to be *89 interrupted. Appellant cites, and we have found, no law or jurisprudence to support this argument. However, the filing of the opposition was not a pleading to “commence action.” [12] . A civil action is “commenced by the filing of a pleading present-. ing the 1 ^demand .... ” La. C.C.P. art. 421. If what is filed can be classified as a “pleading presenting the demand,” prescription will be interrupted, whether or not the original pleading sets forth a cause of action. Batson v. Cherokee Beach and Campgrounds, Inc., 530 So.2d 1128, 1130 (La.1988). When a petition notifies a defendant that legal demands are made for a particular occurrence, prescription is interrupted. Nini v. Sanford Brothers, Inc., 276 So.2d 262, 264 (La.1973). Appellant’s reliance on the filing of an opposition to appointment of the provisional administrator is misplaced. The filing of the opposition was not “commencement of an action” for probate of the will because it asked for no relief and did not notify anyone of any legal demand. It simply stated there was no need for an administration of the Daigle estate and that a testament existed. An heir cannot merely allege the existence of a testament,’ not file a petition to have it probated, and then claim the applicable prescriptive period has been interrupted. Appellant has not met her burden of proving the five-year prescriptive period has been interrupted.
Appellant asserts the doctrine of contra non valentem should apply in this case. Contra non valentem is a creature of the jurisprudence -and generally operates to suspend the running of prescription until the time plaintiff knoiys or should reasonably know that his or her damages were the fault of a defendant’s negligent act. Bouterie v. Crane, 616 So.2d 657, 660 (La.1993). It is also recognized to apply when a legal' impossibility exists, when‘a condition prevents plaintiff from acting, and when an obstacle set up by the defendant exists. Id. at 660. Appellant has not shown how this doctrine can apply in this case. ' Her reliance on contra non valentem is misplaced because she was the person allegedly in possession of the testament and/or had knowledge of its existence. There is nothing in the record to show she was prevented or obstructed from having the testament probated.
Appellant asserts the filing of the petition to probate by Temple in 1999, in which she stated there was no need for an administration and that she was willing to accept the succession, amounted to a “judicial confession.” Appellant argues this rendered the issue of .the appointment of the' provisional administrator moot and thus, the succession |9was never judicially opened. This argument is also without merit. The sole issue is whether the succession was judicially opened and whether five years elapsed. Both have occurred in this case.
Appellant further states that Temple, Reynolds, and Bruce Daigle, II/ *90 failed to join an “indispensable party,” the Succession of Stephen Jules Daigle, Jr. Parties are no longer referred to as “necessary” or “indispensable” under the Louisiana Code of Civil Procedure. The code now mandates an analysis of the,interests of the joined and non-joined parties with respect to the action to determine whether the action may proceed. Succession of Populus, 95-1469, p. 3 (La.App. 1 Cir. 2/23/96), 668 So.2d 747, 748. La. C.C.P. art. 641 requires a person to.be joined as a party when: 1) in his absence, complete relief cannot be accorded among those already parties; 2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either (a) impair or impede his ability to protect that interest, or (b) leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.
A succession is not a natural person or a juridical person. La. C.C. art. 24; Succession of Wallace, 574 So.2d 348, 358 (La.1991). A succession is the transmission of the estate of the deceased to his successors. La. C.C. art. 871. Succession is defined as a process, and the code now avoids use of the meaning of succession that describes the estate of the deceased as if it were a separate legal entity. Succession of Wallace, 574 So.2d at 358. La. C.C. art. 872 permits reference to the “estate” of the deceased, but grants no separate legal existence to such an entity. La. C.C. art. 872; Succession of Wallace, 574 So.2d at 358. Therefore, the succession representative appointed by a court is the proper defendant in an action to enforce an obligation of the deceased or of his succession, while the latter is under administration, La. C.C.P. art. 734, and the succession representative shall defend all actions brought against him to enforce claims against the succession. La. C.C.P. art. 3249. In this case, the succession representative has died, thus, the heirs are the proper party defendants. See La. C.C.P. art 801. The only parties involved in this case linare the heirs; and under La. C.C.P. art. 641, there are no other parties who must be joined in this action.
All of appellant’s assignments of error are without merit.
DECREE
The trial court’s judgment sustaining the peremptory exception raising the objection of prescription is affirmed. All costs of this appeal are to be paid by the appellant.
AFFIRMED.
FITZSIMMONS, J., concurs.

. Stephen Daigle's marriage to Virgie Honey-cutt was dissolved on October 19, 1971, and he was subsequently married to Julie Adams Daigle.

. La. C.C.P. art 3091, provides, "An interested person desiring to be notified of the filing of an application for appointment as administrator, at any time after the' death of the deceased, may petition the court in which the succession has been opened, ' or may be opened, for such notice."

. La. C.C.P. art. 3111 provides, in pertinent part, "On the application of an interested party, or on its own motion, when such an appointment is deemed necessary, the court may appoint a qualified person as provisional administrator forthwith."

. The record shows that on that same day the trial judge ordered that Bruce Daigle be confirmed as provisional administrator upon furnishing security in the amount of $1,000.00 and upon taking the oath required by La. C.C.P. arts. 3112, 3152 and 3158. The trial judge also appointed a notary public to take an inventory of the property of the Succession as required by La. C.C.P. art. 3113.

. La. C.C.P. art. 3159 provides, "After a person appointed or confirmed as succession representative has qualified by furnishing the security required of him by law, and by taking his oath of office, the clerk shall issue to him letters of administration ...."

. That petition also alleges'that Bruce Daigle died in 1995.

. The heirs filed a motion to dismiss this appeal alleging it was untimely. That motion was denied. The delays for appealing did not begin to run on the December 13, 2000 judgment until May 29, 2001, when the trial court signed the order designating the judgment as final.

. La. C.C.P. art. 3181 states, "If a person appointed or confirmed as succession representative fails to qualify for the office within ten days after his appointment or confirmation, on its own motion or on motion of any interested person, the court may revoke the appointment, or confirmation ...." (Emphasis added). See also Succession of Armentor, 426 So.2d 1366 (La.App. 3 Cir.1983), where the court upheld the appointment of an administrator who did not qualify until 4 months after his appointment.
The record also shows the trial court ordered the taking of an inventory pursuant to La. C.C.P. arts. 3113 and 3131. Though the record does not show that such an inventory was actually taken, the qualification of a provisional administrator,'unlike that of an administrator, need not be delayed until an inventory has been taken. La. C.C.P. art. 3131, comment (a).

. Appellant only contends that prescription was interrupted. No argument has been made asserting suspension or renunciation. Discussion of those topics is therefore preter-mitted.

. La. C.C.P. art. 2811 states: A proceeding to open a succession shall be brought in the district court of tHe parish where the deceased was domiciled at the time of his death.
If the deceased was not domiciled in this * state at the time of his death, his succession may be opened in the district court of any parish where:
(1) Immovable property of the deceased is situated; or,
(2) Movable property of the deceased is situated, if he owned no immovable property in the state at the time of his death.

. Furthermore, the opposition to appointment filed by appellant was not valid because the appellant did not file a petition for notice of application of appointment as administrator. A hearing regarding the appointment of an administrator is required only when a petition for notice is filed with the court, and an opposition to appointment must be filed prior to the hearing. See La. C.C.P. arts. 3094 and 3095. Furthermore, the opposition did not comply with La. C.C.P. arts. 3095 and 2972 because it did not request that appellant be appointed administrator and did not request any form of relief. Therefore, it appears from the record the trial court did not set a date and time for a hearing on the opposition.
Appellant also asserts a copy of the testament was attached to the opposition to appointment of the provisional administrator. However, the record on appeal has no testament attached to the opposition.