I,STEWART, J.
This is an appeal by Robert Huddleston, plaintiff/appellant, from a judgment probating the will of his maternal uncle, William Ivey Taylor. Because we find no error on the part of the trial judge, we affirm the judgment.
*239 FACTUAL AND PROCEDURAL HISTORY
The underlying facts of this litigation are not contested. William Ivey Taylor died on July 28, 1998. Taylor left no surviving spouse, ascendants or descendants. Taylor purportedly left an olo-graphic will dated March 13, 1991, leaving all of his belongings to his surviving sister, Sharon Taylor Griffin. Taylor was predeceased by another sister, Patsy Ruth Taylor Huddleston.
On August 3, 1998, Griffin filed a petition to appoint a provisional administratrix of Taylor’s succession and submitted his handwritten testament for probate. In addition to the testament, the petition was accompanied by the affidavits of two witnesses attesting to the fact that the testament was entirely written, dated, and signed in Taylor’s handwriting. That same date, the trial court issued an order appointing Griffin as the provisional ad-ministratrix of the succession upon her compliance with the legal requirements thereof. Griffin subsequently posted the required bond and was issued letters of provisional administratrix.
On December 21, 1998, Griffin filed a petition for judgment of possession, for waiver of accounting and tableau of distribution, and for discharge as administra-trix. The petition was accompanied by a detailed descriptive list setting forth all of the decedent’s assets. On that same date, lathe trial court signed a judgment of possession recognizing Griffin as Taylor’s sole legatee and placing her in possession of all the decedent’s property as set forth in the detailed descriptive list. The judgment also discharged Griffin as administratrix and cancelled the bond.
On August 1, 2003, Robert David Hud-dleston filed a petition to decree Taylor as having died intestate, to set aside the previously rendered judgment of possession, and for a new judgment of possession declaring Huddleston and his brother, William Ray Huddleston, as the lawful heirs to one-fourth each of Taylor’s property, and Griffin as the lawful heir to the remaining one-half. The Huddleston brothers are the children of Patsy Ruth Taylor Huddleston, the decedent’s sister who preceded him in death. The petition, filed less than five years since the judicial opening of the succession by Taylor’s petition for appointment of provisional administra-trix, claimed that the last will and testament presented by Griffin had never been probated and that the opportunity to do so had now prescribed.
Griffin responded by filing peremptory exceptions of no cause of action and no right of action on September 23, 2003. The exceptions were argued before the trial court on November 18, 2003. The trial court denied the exceptions and ordered the succession to be re-opened for hearing on the probate of the last will and testament. After the brief probate hearing on December 16, 2003, the trial court signed an order probating the March 13, 1993, last will and testament of William Ivey Taylor.
| ¡¡Robert David Huddleston appealed on the grounds that the will could not be probated after passage of five years from the date of the opening of the succession. Griffin answered the appeal on the basis that the trial court erred in not ruling that the December 21, 1998, judgment of possession had the effect of an order of probate.
DISCUSSION
Huddleston argues that because prescription had run under La. C.C.P. art. 2893 and La. R.S. 9:5643, the trial court erred in probating the will. We disagree.
La. C.C.P. art. 2893 provides:
No testament shall be admitted to probate unless a petition therefor has been filed in a court of competent jurisdiction *240 within five years after the judicial opening of the succession of the deceased.
This statute does not operate to prohibit the probating of the will in the present case. The earliest time that the judicial opening of Taylor’s succession could be deemed to have occurred was when the initial petition for appointment of a provisional administrator was filed six days after Taylor’s death. In that same petition, Griffin submitted the olographic will for the express purpose of probate and also submitted the requisite affidavits for probating an olographic will. Consequently, the trial court did not err in concluding that a petition for probate was filed within five years of the judicial opening of the succession of the deceased.
La. R.S. 9:5643 provides:
The right to probate a purported testament in a succession proceeding shall prescribe five years after the date of the judicial opening of the succession of the deceased.
l4The interruption of this prescriptive period was discussed in the Succession of Daigle, 2001-1777 (La.App. 1st Cir.6/21/02), 822 So.2d 83, writ denied, 2002-2389 (La.11/22/02), 829 So.2d 1045, wherein the First Circuit Court of Appeal reasoned:
Liberative prescription is a mode of barring of actions as a result of inaction for a period of time. La. C.C. art. 3447. La. C.C. art. 3462 provides, in pertinent part, “Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue.” La. C.C. art. 3464 provides, “Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.” By analogy, the prescriptive period applicable to the probate of a testament is interrupted by the filing of a petition to probate the testament in the proper court. [Footnote omitted]. If the petition to probate is filed within five years of the judicial opening of the succession, the probate of the testament can proceed; if it is filed more than five years later, it is procedurally barred.
We agree with the first circuit’s analysis. The initial petition in this matter which both judicially opened the succession and requested probate of the testament simultaneously commenced and interrupted the running of prescription for probate of the testament under La. R.S. 9:5643. Accordingly, the assignment of error urged by the appellant is without merit.
Having found that the trial court did not err in admitting the will into probate by its judgment of December 16, 2003, we need not address the question raised in Griffin’s answer to the appeal of whether the December 21, 1998, judgment of possession constituted an order of probate.
CONCLUSION
The judgment of the trial court is affirmed. Costs of this appeal are to be borne by the appellant, Robert David Hud-dleston.
AFFIRMED.