TATE, Judge.
A brother was appointed administrator of a decedent’s estate. The widow files these proceedings to revoke this appointment, alleging that she instead was entitled to administer her husband’s estate. The trial court dismissed her rule to revoke the brother’s appointment. The widow appeals.
The facts briefly are: The decedent John B. Smith was killed on April 11, 1967. Thirteen days later (April 24), his brother filed an ex parte petition and secured an order appointing him as administrator.
He immediately filed bond in the amount of one hundred dollars fixed by the court, as well as taking his oath as administrator. Letters of administration issued the same date.
Some five months later the widow filed the present proceedings to revoke the appointment. She alleges that, as surviving widow, she had a priority right to be appointed administratrix. LSA-CCP Art. 3098(1). The widow also attacks the brother’s appointment as invalid because bond was furnished in insufficient amount.
The widow makes extremely equitable arguments. She points out that the brother was able to secure appointment unopposed, by moving hastily and without notice. LSA-CCP Art. 3094.[1] She further points out that the apparent reason for her husband’s brother’s applying so swiftly to obtain the appointment as administrator of her husband’s estate was to control assertion of a federal Jones Act claim as the seaman’s “personal representative”, 46 U.S. C.A. § 688, despite the circumstance that damages recovered by such personal representative are statutorily-designated as being for the benefit of the surviving widow and children of the decedent.
Nevertheless, wisely or unwisely, under the 1960 Code of Civil Procedure, the widow was not entitled to notice that someone else had applied for and received ex parte appointment as administrator of her husband’s estate. To receive such notice and an opportunity to contest the appointment of another as administrator, an interested person must file a petition to receive such notification within ten days after the decedent’s death (or at least prior to the application of another for appointment). LSA-CCP Arts. 3091, 3094. See Succession of Houssiere, La.App. 3rd Cir., 146 So.2d 483.
If hearing has been provoked by such request for notice of appointment or by other means, then the court shall appoint the claimant having the highest priority. LSA-CCP Art. 3096. But it is only if such hearing has been provoked or is or *293 dered that' the priority of appointment is governed by LSA-CCP Art. 3098, upon which the widow-appellant relies.
The widow alternatively argues that the appointment of the brother as administrator should be revoked because he filed bond in insufficient amount.
Once a person is appointed or confirmed as succession representative, then (a) his appointment may be revoked if he fails to qualify, LSA-CCP Art. 3181, or (b) he may be removed for specified causes, LSA-CCP Art. 3182.
It is not claimed that any grounds exist for removal under the latter article.[2] See Succession of Houssiere, 247 La. 764, 174 So.2d 521.
The widow does, however, contend that the appointment of the brother as administrator is subject to revocation for filing a bond in insufficient amount. She relies upon the provision of Article 3181 providing for revocation of the appointment of a succession representative who fails to qualify for the office within ten days after appointment.
 Here, however, the brother-administrator did qualify as administrator within the appropriate time. He furnished bond in the amount fixed by the court and he took- the oath. LSA-CCP Art. 3159. Under these circumstances, Article 3181’s provision permitting revocation of the appointment does not apply.
The widow argues strongly that nevertheless the brother-administrator did not really qualify for such office, because he did not furnish “the security iequired of him by law.” Article 3159. The bond fixed by the court was only in the amount of $100, whereas by law (LSA-CCP Art. 3151) it should have exceeded by one-fourth the sum of $500, the total value of the decedent’s property shown by the descriptive list annexed to the application for appointment as administrator. The widow-appellant correctly urges that the amount of bond should have been fixed by the court at $625, instead of at only $100, in the absence of proper showing in the application that the statutory amount was substantially greater than that specified by the statute. LSA-CCP Art. 3151.
Nevertheless, the order appointing the brother as administrator, conditioned upon his furnishing bond in the amount of $100, cannot be set aside, without first affording the appellee an opportunity to correct the insufficiency or invalidity of the bond furnished. LSA-CCP Arts. 5123-25 provide that orders or process conditioned upon the furnishing of security may not be dismissed, set aside, or dissolved for bond defects unless the party who furnished the insufficient or defective bond is first given a hearing on the question and an opportunity to furnish a new or supplemental bond to correct the defects of the original.
The trial court therefore correctly held that the widow is not entitled to revoke the appointment of the decedent’s brother as administrator, she having failed to request notice and an opportunity to oppose the appointment at the time when made more than ten days after the decedent’s death. We therefore affirm the trial court’s dismissal of the widow’s rule to revoke such appointment. Our dismissal is without *294 prejudice to the widow-appellant’s instituting future proceedings under LSA-CCP Arts. 5121-5126 to question the sufficiency of the' bond, and to revoke the administrator’s appointment, LSA-CCP Art. 3181, or remove him from office, LSA-CCP Art. 3182, for failure to file proper bond if ordered to do so as a result of such former proceedings. The widow-appellant is to pay the costs of this appeal.
Affirmed.

. The widow had not filed a petition within ton days of her husband’s death, only upon filing which was she entitled to re-eeive notice of any person’s application to be administrator of her husband’s estate. LSA-CCP Arts. 3091, 3093.

. Article 3182 provides: “The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(4), or has failed to give notice of his application for appointment when required under Article 3093.
“The court on its own motion may, and on motion of any interested party shall, order the succession representative sought to be removed to show cause why he should not be removed from office. The removal of a succession representative from office does not invalidate any of his official acts performed prior to his removal.”