11 GUIDRY, Chief Judge.
This succession proceeding involves a dispute between two siblings, Shelby Melton and Frances Melton May, over property formerly owned by their deceased parents, Woodrow Wilson Melton and Nella Long Melton. Woodrow died intestate on August 8, 1971. No succession proceeding was thereafter commenced until shortly following his widow’s, Nella’s, death on August 30, 1990. The parties to this litigation, Shelby and Frances, are the only two children born of the marriage and, as the record indicates, are the only heirs. Frances appeals from several trial court judgments which appointed Shelby as administrator of both successions; partitioned the immovable property; and, confirmed Shelby’s sworn detailed descriptive list over that of Frances’.
Two separate succession proceedings were opened on September 6, |21990. Shelby applied for and was appointed as administrator for the estates of his parents. By order dated November 6, 1991, the trial court consolidated these two probate matters. We will render this single opinion disposing of all issues presented in both matters but render a separate decree in the Succession of Nella Long Melton, (La.App. 3rd Cir.1994); 649 So.2d 765.
This appeal primarily concerns the trial court’s partition of property and its failure to hold contradictory hearings on (1) Shelby’s qualification as administrator, which Frances opposed and, (2) Frances’ attempted traversal of Shelby’s sworn detailed descriptive list. Specifically, Frances assigns the following errors to the actions of the trial court:
1) Appointing Shelby as administrator of both successions without a contradictory hearing.
2) Failing to hold a contradictory hearing on Frances’ motion to traverse Shelby’s sworn detailed descriptive list.
3) Accepting a real estate appraiser’s immovable property partition plan.
4) Granting Shelby a right of passage across property adjudicated to Frances.
5) Signing two inconsistent and contradictory judgments.
For the following reasons, we reverse the trial court judgments for failure of the trial court to hold contradictory hearings on Shelby’s appointment as administrator and Frances’ motion to traverse. Further, we remand for trial of Frances’ motion opposing Shelby’s appointment as administrator and Frances’ motion to traverse insofar as the movable property is concerned. In all other respects, the judgments are affirmed.
FACTS AND PROCEDURAL HISTORY
These proceedings were instituted seven days after the death of Nella RMelton when, on September 6, 1990, Shelby filed a petition for appointment as administrator. On that date, the trial court signed two ex parte orders appointing Shelby as administrator of both successions and ordering that “... letters of administration issue to him upon his *761 complying with the requisites of law”. On September 12, 1990, Frances filed duplicate pleadings in each proceeding, a rule to show cause why Shelby should not be removed as administrator and an opposition to Shelby’s application for appointment as administrator.[1] The trial court signed an order setting a hearing on this matter for October 22, 1990. No hearing was held on that date. A subsequent order, signed on April 15, 1991, set the hearing for June 10, 1991. This date also passed without a hearing.
On November 6, 1991, in response to a motion filed by Shelby, the trial court ordered the consolidation of these succession proceedings. Two days later, on November 8, 1991, the trial judge signed a judgment dismissing Frances’ opposition and confirming Shelby as administrator of the estates. The judgment states that “[T]his matter came on for hearing on Frances Melton May’s Opposition to application for Appointment for Administrator on the 5th day of August 1991”. However, the appellate record contains no transcript of this supposed hearing nor a minute entry indicating that a contradictory hearing actually took place. On November 22, 1991, Frances filed a motion for new trial and/or rehearing or to nullify judgment on the grounds that the aforementioned judgment was rendered without the prerequisite contradictory hearing. In March, 1992, the trial court granted Frances’ motion for rehearing and set a hearing date of May 18, 1992.
|4On April 23,1992, nearly 20 months after his initial appointment as administrator, Shelby filed the requisite administrator’s bond and was issued letters of administration by the trial court. Having complied with the legal requirements, Shelby was thereafter confirmed as administrator.
The court held a hearing as scheduled on May 18, 1992. The transcript of the hearing indicates that, for one and one-half hours prior thereto, the parties’ counsels attempted to negotiate a settlement of the property dispute under the trial court’s supervision. This effort proved to be futile. The remainder of the sparse transcript involves conversations between the trial judge and the lawyers on the possibility of a public sale of the assets in lieu of a partition agreement. There was no discussion or presentation of evidence on Shelby’s qualifications to serve as administrator or Frances’ rule to remove him and opposition to his appointment. Despite this, the trial court rendered judgment on May 18,1992 ordering the denial of Frances’ motion for new trial and/or rehearing. The trial judge also ordered both parties to return to the succession those items which they had personally taken. Furthermore, he ordered that all property of the succession be sold at public auction unless the parties were able to reach an amicable settlement “... on or before the 26th day of June 1992 at 5 PM”. This judgment was signed on May 27, 1992. The parties apparently did not settle the dispute. However, no public auction was ever held.
In June, 1992, Frances filed a motion to traverse Shelby’s sworn detailed descriptive list which had been previously filed in January, 1992. In conjunction with this motion, Frances included her own sworn detailed descriptive list. She asked the trial court to reject Shelby’s list and to accept Rher list. Thereafter, on August 19,1992, Frances petitioned the trial court for a partition of the immovable property.
On October 12, 1992, Shelby filed a motion to deny traversal of his sworn detailed descriptive list and an opposition to Frances’ petition for partition. On October 15, 1992, the trial judge, without the benefit of a contradictory hearing, denied Frances’ motion to traverse and ruled that Shelby’s sworn detailed descriptive list would prevail. However, on October 26, 1992, he signed an order setting a March 15, 1993 hearing date on Frances’ motion to traverse. Further, on October 26, 1992, the trial judge signed two more contradictory orders. The first order denied Frances’ petition for partition, but the second order set a hearing date of March 15, 1993 to take up the merits of Frances’ peti *762 tion for partition. The hearing date was later continued to May 3, 1993.
Raymond Willett, a real estate appraisal expert, testified at the May 3, 1993 hearing. He proposed to split the immovable property into two contiguous tracts of equal value. Willett partitioned the property into one 36.50 acre tract for Frances and a separate 60.46 acre tract for Shelby. The smaller tract was burdened with a right of passage to the nearest public road. When questioned by Frances’ counsel on the necessity for a right of passage in light of the fact that a right of way connecting the 60.46 acre tract to another public road existed over federal forest land, Willet responded that the federal right of way was, in his opinion, overgrown and impassable. After Willet testified, the parties through counsel agreed to accept his plan of division of the immovable property.
Also at this hearing, the trial judge stated that “I have previously ruled that Mr. Melton’s Detailed Descriptive List will prevail. And that ruling stands”. | pOn May 6, 1993, the trial judge signed two judgments. The first judgment ordered a partition of the immovable property according to Willett’s proposed partition. No mention of a right of passage is in this judgment. The second judgment dismissed Frances’ motion to traverse Shelby’s sworn detailed descriptive list and confirmed that Shelby’s list prevails. The next day, May 7, 1993, the trial judge signed an order incorporating the provisions of the two May 6,1993 judgments. Additionally, this order recognized the right of passage in favor of Shelby and ordered Shelby to remove a barn situated on Frances’ 36.50 acre tract.
On June 28, 1993, Frances filed a motion for appeal. The trial judge signed an order granting the appeal on July 1, 1993.
OPINION

Failure to conduct a hearing on Shelby’s qualifications.

Frances filed an opposition to Shelby’s appointment as administrator and a rule to show cause why he should not be removed as administrator. These pleadings were filed on September 12, 1990, six days after the trial court appointed Shelby administrator in both successions but nearly 20 months before Shelby’s letters of administration were issued. Shelby was confirmed as administrator on April 23, 1992 without a prior contradictory hearing despite Frances’ opposition. Frances asserts that the failure to conduct a hearing on this matter was error. We agree.
The procedure for appointment of a succession administrator is governed by La. C.C.P. arts. 3091-3098. Of particular relevance to the resolution of this issue are articles 3091, 3094, 3095 and 3096. These statutes provide, in pertinent part, respectively, as follows:
RArt. 3091. Petition for notice of application for appointment
An interested person desiring to be notified of the filing of an application for appointment as administrator, at any time after the death of the deceased, may petition the court in which the succession has been opened, or may be opened, for such notice.
⅜ ⅜ * * * *

When a petition for such notice has been filed within ten days of the death of the deceased, or prior to the application for appointment as administrator, the applicant for appointment shall serve the notice prayed for, as provided in Article S09S.

Art. 3094. Order on application for appointment
:¡: * * * * *

If notice of the application for appointment is required under Articles S091 through 3093, the court shall assign a date and hour for a hearing on the application, which shall be held not earlier than the eleventh day after the mailing or delivery of such notice. If no such notice is required, and ten days have elapsed since the death of the deceased, the court may appoint the applicant as administrator forthwith, unless he is disqualified under Article 3097.

Art. 3095. Opposition to application for appointment
*763 The opposition to an application for appointment as administrator shall be filed prior to the hearing on the application and shall be served on the applicant for appointment. This opposition shall comply with Article 2972, and shall allege the prior right of opponent to the appointment, or the grounds on which it is claimed the applicant is disqualified. If the opposition is based on a prior right to the appointment, the opponent shall pray that he be appointed administrator.
Art. 3096. Appointment when no opposition; appointment after trial of opposition
At the hearing on the application for appointment as administrator, if no opposition thereto has been filed, the court shall appoint the applicant, unless he is disqualified under Article 3097.
If an opposition to the application for appointment has been filed prior to the hearing thereon, the court shall assign the opposition for trial. After this trial, the court shall appoint as administrator the qualified claimant having the highest priority of | ⅜ appointment.
* * * * * *
Additionally, we note that Article 3097 provides for enumerated disqualifications from appointment, and Article 3098 governs the priority of appointment. The filing of a petition for notice or an opposition to appointment triggers the necessity for a hearing on the propriety of the applicant’s appointment. Only if such a hearing is provoked is the priority of appointment governed by La. C.C.P. art. 3098. Once a person is appointed or confirmed as succession representative, then (a) his appointment may be revoked if he fails to qualify, La.C.C.P. art. 3181, or (b) he may be removed for specified causes, La.C.C.P. art. 3182. Succession of Smith, 219 So.2d 291 (La.App. 3rd Cir.1969).
Shelby filed his applications for appointment as administrator seven days after the death of his mother and over 19 years after the death of his father. Prior to September 6, 1990, the date upon which Shelby filed his applications, Frances had not yet filed a petition for notice in either succession as contemplated by La.C.C.P. art. 3091. Thus, Shelby was not required to notify Frances of his application for appointment. However, the trial court erred in appointing Shelby as administrator of his mother’s succession on the date of his application, which was within 10 days of his mother’s death. The last sentence of La.C.C.P. art. 3094 clearly states that, in such a situation, the trial court must wait at least 10 days from the date of death before appointing “... the applicant as administrator forthwith ... ”, i.e., ex parte or without a contradictory hearing. Having failed to wait the requisite 10 days, the trial court order appointing Shelby as administrator in his mother’s succession was erroneously rendered. The trial court should thereafter have |9held a hearing on the merits of Frances’ opposition. In the father’s succession, Shelby’s appointment was proper at the time because more than 10 days had elapsed since his death, and Frances had not yet filed a petition for notice or an opposition to Shelby’s application for appointment.
Frances’ opposition to Shelby’s appointments and rules to show cause why he should not be removed (petitions for removal) were filed in both successions on September 12, 1990. The petitions for removal were apparently filed in conformity with La.C.C.P. art. 3182, which provides as follows:
The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(4), or has failed to give notice of his application for appointment when required under Article 3093.
The court on its own motion may, and on motion of any interested party shall, order the succession representative sought to be removed to show cause why he should not be removed from office. The removal of a succession representative from office does not invalidate any of his official acts performed prior to his removal.
*764 Although the petitions for removal were filed after Shelby’s appointment as administrator, they were filed well in advance of the date upon which he qualified, i.e., was confirmed, and was issued letters of administration in the consolidated successions, April 23, 1992. The order confirming Shelby as administrator was rendered ex parte and without a hearing despite the intervening oppositions and petitions for removal. This failure to abide by the proper procedure was clear error on the part of the trial court. In such a situation, the trial court must hold a full evidentiary hearing on the petitions for | ipremoval of the administrator. Reliance solely upon the pleadings and arguments of counsel in appointing or removing an administrator is not sufficient when a factual finding must be made. Succession of Gaulden, 593 So.2d 805 (La.App. 4th Cir.1992). In the present case, Frances made specific factual allegations concerning Shelby’s unfitness to serve and the reasons therefor. Frances was entitled to a full evidentiary hearing.
For these reasons, we remand the case to the trial court for (1) a hearing on Frances’ opposition to the appointment of Shelby in the succession of their mother, Nella Melton, and (2) a hearing on Frances’ petitions for removal in the succession of Woodrow Melton.
Motion to Traverse Shelby’s Sworn Detailed Descriptive List
On January 16, 1992, Shelby filed a sworn detailed descriptive list of the succession property pursuant to La.C.C.P. art. 3136. Pursuant to La.C.C.P. art. 3137, Frances filed a motion to traverse Shelby’s list and filed her own list in June, 1992. By order signed October 15,1992, the trial court first denied Frances’ motion to traverse and ruled that Shelby’s list prevailed. This ruling was ex parte and rendered without a hearing. Two judgments, one signed May 6, 1993 and the other signed May 7, 1993, reaffirmed the trial court’s initial ruling. The record reflects that Frances’ motion to traverse was not considered at the May 3, 1993 hearing and has not thus far been heard. We reverse the trial court’s ruling on Frances’ motion to traverse and remand for a hearing on her motion to traverse.
The Partition
Frances contends by this assignment of error that the trial court erred in allowing a real estate appraiser to propose a partition of the immovable | nproperty owned by them in indivisión. She urges that the proper procedure requires the trial court to appoint a notary to make the partition. Although she cites no authority for her position, we presume that she refers to the procedure outlined in La.C.C.P. art. 4601 et seq., specifically La.C.C.P. art. 4605.
The trial court did not violate the above cited code articles by allowing Willett to offer a plan for partition of the immovable property owned by the parties. Both parties clearly agreed at the hearing to accept Willett’s proposed partition. Having done so, Frances cannot now raise a technical violation of the applicable procedural rules in which she acquiesced. See La.C.C.P. art. 3091, supra. This assignment of error is meritless.
Trial Court’s Grant of a Right of Passage in Favor of Shelby
The trial court determined that, as a result of the partition to which the parties voluntarily acquiesced, Shelby’s 60.46 acre tract became an enclosed estate. Therefore, pursuant to La.C.C. art. 694, the trial court granted Shelby a gratuitous right of passage to the public road across the property adjudicated to Frances. On appeal, Frances asserts that this was error because Shelby’s property had access to a public road by way of a passage across federal forest land.
The only testimony on this issue at the hearing was presented by Willett. He stated that his partition plan included a right of passage in favor of Shelby because, after the partition, Shelby’s land no longer had access to a public road. On cross-examination, Willett stated that the alternate right of passage to Shelby’s property across the federal forest land had become overgrown and was impassable. This testimony was not contradicted by | ^Frances. Further, there is no evidence in the record supporting a finding that the property allotted to Shelby in the proposed partition has a servitude of passage over the federal forest land. The *765 trial court’s finding that a right of passage was necessary is factual in nature. It is well settled that a factual finding cannot be disturbed on appeal unless it is manifestly erroneous or clearly wrong. Stobart v. State, DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). After thoroughly reviewing the evidence, we conclude that the trial court did not err in granting Shelby a right of passage across the property adjudicated to Frances.[2]
Inconsistent Judgments
Frances finally contends that the three judgments signed by the trial court after the May 3, 1993 hearing are contradictory. Two judgments were signed on May 6, 1993 and the third judgment was signed on May 7, 1993. A review of the judgments reveals that they are not inconsistent. The first denies Frances’ motion to traverse and accepts Shelby’s sworn detailed descriptive list. The second partitions the immovable property without reference to a right of passage. The third, and most thorough, includes all decrees of the first two plus the right of passage and Shelby’s obligation to remove a barn from Frances’ property.
Although the three judicial pronouncements cover different subjects, they do not contradict one another. There is no need to reconcile these judgments. Therefore, this assignment of error is meritless.
_Ji3ÜECREE
For the above and foregoing reasons, we reverse the trial court’s appointment of Shelby Melton as administrator of the Succession of Nella Long Melton and its acceptance of Shelby Melton’s sworn detailed descriptive list. Further, we remand this case to the trial court for contradictory hearings on the merits of the following motions:
(a)Frances May’s opposition to the appointment of Shelby Melton as administrator of Nella Long Melton’s succession;
(b) Frances May’s petition for removal of Shelby Melton as administrator of the estate of Woodrow Wilson Melton; and,
(c) Frances May’s motion to traverse Shelby Melton’s sworn detailed descriptive list except insofar as the partitioned property is concerned.
In all other respects, the judgment is affirmed. Costs are to be paid one-half (⅜) by each party.
AFFIRMED IN PART; REVERSED IN PART; AND, REMANDED.

. When these pleadings were filed, Shelby had not taken his oath as administrator nor furnished the required bond.

. The record does not reflect that the trial court has appointed a Notary Public to memorialize the partition of immovable property agreed upon by the parties and directed by the trial court's judgment of May 7, 1993. (See the procedure set forth in La.C.C.P. arts. 4605 et seq.) This procedure should be followed on remand if not already completed.