# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**06-1256**


SUCCESSION

OF

ACHILLE BIJEAUX


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2003-0273
HONORABLE JULES EDWARDS III, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## OSWALD A. DECUIR
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Billy Howard Ezell, Judges.


**AFFIRMED.**

**Stan Gauthier, II**
**Kristi D. Husher**
**Attorneys at Law**
**1405 West Pinhook Road, Suite 105**
**Lafayette, La 70503**
**(337) 234-0099**
**Counsel for Appellees:**
    **Lawrence James Menard**
    **Lisa Menard Guillotte**

**James Patrick MacManus**
**Attorney at Law**
**225 West Main Street**
**Lafayette, LA 70501**
**(337) 234-1720**
**Counsel for Plaintiff/Appellant:**
    **Mildred Bourque Broyles**

**Arthur Daniel Mouton**
**Attorney at Law**
**P. O. Box 52269**
**Lafayette, LA 70505**
**(337) 233-3697**
**Counsel for Appellee:**
  **Alexander Bourque**
  **Wade Bourque**
  **Lester Bourque**

**Glynn Rozas**
**Attorney at Law**
**P. O. Box 3732**
**Lafayette, LA 70502**
**(337) 593-0111**
**Counsel for Plaintiff/Appellant:**
  **Mildred Bourque Broyles**

**DECUIR, Judge.**

Mildred Bourque Broyles appeals the trial court's revocation of her appointment as executrix. Finding no error in the decision rendered below, we affirm.

The evidence in the record before us indicates that Achille Bijeaux died on January 19, 2003, at the age of ninety-three. He had signed a will in 1998 wherein he designated his niece, Mildred Bourque Broyles, as executrix of his estate. She was also the primary legatee named in the will. Shortly after Bijeaux's death, Broyles petitioned the court to confirm her as testamentary executrix and requested that letters testamentary issue. She did not, however, take the "oath to discharge faithfully the duties of [her] office" as required by Article 3158 of the Louisiana Code of Civil Procedure.

Broyles' three brothers, Alexander, Wade, and Lester Bourque, and Achille's brother-in-law, Lawrence James Menard, were also named beneficiaries in the will, along with numerous other relatives. They petitioned the court for an accounting and sought to traverse the detailed descriptive list filed by Broyles. During the course of discovery, the Bourques and Menard learned that Broyles was the beneficiary of two annuities purchased by Achille in 1998 and that she had collected approximately $225,000.00 in annuity benefits. Alleging numerous grounds for her removal, the Bourques and Menard sought to have Broyles' appointment as executrix revoked.

A hearing was held on November 29, 2004. After verifying that Broyles had indeed failed to file the required oath, the trial court removed her as succession representative. The court was then presented with the application of Lisa Menard Guillotte who sought to be appointed dative testamentary executrix. Acknowledging Broyles' continuing desire to serve as executrix, the court took evidence on the relative merits of the two candidates.

The evidence revealed the following facts. At the time the 1998 will was signed, Mildred lived on the family farm with Achille and took care of him. He could not read or write the English language and had depended on his wife and son to handle his affairs until their deaths in 1996 and 1991, respectively.

In the years after Achille's wife's death, Mildred handled all of his financial business and often signed his name on documents even though she had no power of attorney authorizing her to do so. In 1998, Achille purchased two annuities through a Dallas stockbroker working for Salomon Smith Barney, Inc. The documents were filled out and signed by Mildred and she was the named beneficiary on both. Months later, Achille signed a new will naming Mildred as executrix and leaving her significant portions of his estate. The evidence in the record before us also discloses that Mildred wrote and signed numerous checks made out to "Cash" on Achille's accounts, checks totaling over $125,000.00. Finally, in her testimony, Broyles offered no explanation for failing to take the requisite oath of office as executrix and failing to file annual accountings as requested by her co-legatees.

In rendering the decision to appoint Guillotte as the succession representative, the trial court noted Broyles' failure to file the oath of office and furnish an accounting. The court also based its decision on the "information I learned during the course of this hearing to really question whether or not Ms. Mildred Broyles should be appointed to serve." Conversely, the court found nothing to suggest that Guilllotte would not be capable of serving as executrix. We find no error in these factual conclusions. The determination of whether to remove or replace a succession representative is within the discretion of the trial court and will not be reversed by this court in the absence of an abuse of that discretion. *Succession of LaFleur,* 99-1100 (La.App. 3 Cir. 12/8/99), 752 So.2d 237, *writ denied,* 00-0446 (La. 3/31/2000),

2

759 So.2d 74; *Succession of Songne,* 94-1198 (La. App. 3 Cir. 11/2/95), 664 So.2d 556, *writ denied,* 95-2877 (La. 2/2/96), 666 So.2d 1101.

Under the authority of Articles 3181 and 3182 of the Louisiana Code of Civil Procedure, the trial court removed Broyles as the representative of the Succession of Achille Bijeaux. Finding no abuse of discretion in this decision, we affirm the judgment rendered below. Costs of this appeal are assessed to Mildred Bourque Broyles.

**AFFIRMED.**