SUCCESSION OF

CHARLEY A. CHENEY, SR.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 40,187
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and John E. Conery, Judges.

Conery, J., concurs in the result and assigns reasons.

REVERSED AND VACATED.
REMANDED WITH INSTRUCTIONS.

Edward Larvadain, Jr.
Edward Larvadain, Jr. Law Office
626 Eighth Street
Alexandria, LA 71301
Telephone: (318) 445-6717
COUNSEL FOR:
    Appellants - Wanda Cheney and Patsy Cheney Washington

Harry Brenner Sadler
Provosty, Sadler, deLaunay, Fiorenza & Sobel
P. O. Box 1791
Alexandria, LA 71309-1791
Telephone: (318) 445-3531
COUNSEL FOR:
    Appellee - Charley A. Cheney, III

**THIBODEAUX, Chief Judge.**

In this succession proceeding, the decedent, Charley A. Cheney, Sr., died intestate and was survived by two children and three grandchildren. One of the decedent's grandchildren, Charley A. Cheney, III, filed a petition to be named the provisional administrator of the estate and subsequently petitioned to consolidate estate funds and manage the decedent's business. Wanda Cheney and Patsy Cheney Washington, the surviving children of the decedent, filed an opposition to Cheney, III's petition, seeking to remove Cheney, III as provisional administrator and have Wanda appointed administratrix of the decedent's estate. The trial court, after reasoning that neither Cheney, III nor Wanda had acted appropriately in opening the succession and managing the estate, ordered that neither party should serve as administrator and that both parties should submit a name to the court from which the court would select an administrator. Considering the administrator appointment claim was not raised properly before the trial court, we reverse and vacate the trial court's judgment and remand the case with instructions.

I.
**ISSUE**

We shall consider whether the trial court erred by refusing to appoint either Charley Cheney, III or Wanda Cheney as the administrator to the succession, and instead, electing to appoint an administrator from the best qualified nominee of the two heirs.

## II.

## <u>FACTS AND PROCEDURAL HISTORY</u>

The decedent, Charley A. Cheney, Sr., died intestate on December 8, 2011. His wife predeceased him, and he had five children:

(1)    Charley A. Cheney, Jr., who predeceased the decedent leaving three surviving children, Charley A. Cheney, III, Charlene N. Cheney, and Catherine D. Cheney;

(2)    Wanda Y. Cheney;

(3)    Patsy A. Cheney Washington;

(4)    Calvin Cheney, who predeceased the decedent leaving no heirs; and

(5)    Ida B. Cheney, who died leaving no heirs.

After the decedent's death, despite receiving consultation from an attorney regarding the proper procedure for opening the succession, neither Wanda nor Patsy ever filed a petition to be appointed administratrix and continued to manage the business without any formal accounting of estate assets.

Frustrated by Wanda's failure to open the succession for nearly a year, Cheney, III filed a petition to be provisional administrator, to which he was subsequently appointed. However, as a non-resident of Louisiana, he did not appoint a resident agent for service of process until February 23, 2013, which was well after the date of his appointment on November 29, 2012.

As the provisional administrator, Cheney, III filed a petition to consolidate the estate funds into an estate checking account. He also filed a petition to continue business and collect rental incomes of the decedent. In response, Wanda and Patsy filed an opposition to Cheney, III's petition to continue the business. In their opposition, they sought the removal of Cheney, III as

2

provisional administrator on the grounds that he had applied to be provisional administrator only to gain access to the estate assets, that he did not inform the other heirs when he filed the petition to be appointed, and that he failed to file a descriptive list of estate assets or post security. The opposition also requested that Wanda be named administratrix of the estate as she was the best qualified heir given her extensive experience in helping manage and run the decedent's business.

After reasoning that Cheney, III and Wanda could not properly serve as administrators, the trial court ordered each side to submit a name to the court from which the court would select the administrator of the estate. The court further ordered Wanda and Patsy to provide a detailed descriptive list and accounting of the estate's assets within forty-five days from the date of the judgment. Wanda and Patsy now appeal the trial court's judgment.

III.

## STANDARD OF REVIEW

The decision to either remove or replace a succession representative is within the discretion of the trial court and will not be disturbed absent a clear abuse of discretion. *In re Succession of Bijeaux*, 06-1256 (La.App. 3 Cir. 2/7/07), 948 So.2d 1222. "However, when one or more trial court legal errors interdict the fact-finding process . . . the appellate court should make its own independent *de novo* review of the record[.]" *Evans v. Lungrin*, 97-541, p. 5 (La. 2/6/98), 708 So.2d 731, 735. More specifically, the appellate court is required "to render judgment on the record by applying the correct law[.]" *Id.* (citing *Lasha v. Olin Corp.*, 625 So.2d 1002 (La.1993)).

## IV.

## <u>LAW AND DISCUSSION</u>

The appellants' primary complaint is that the trial court erred by not appointing Wanda administratrix of the decedent's succession. However, from a procedural standpoint, the trial court actually erred by making any ruling on the administrator issue as it was never properly brought before the court. Louisiana Code of Civil Procedure Article 3096, in pertinent part, provides the applicable procedures for appointing a succession administrator:

> At the hearing on the application for appointment as administrator, if no opposition thereto has been filed, the court shall appoint the applicant, unless he is disqualified under Article 3097.

> If an opposition to the application for appointment has been filed prior to the hearing thereon, the court shall assign the opposition for trial. After this trial, the court shall appoint as administrator the qualified claimant having the highest priority of appointment.

Given that the appointment of the administrator is premised on a hearing regarding the application for appointment and an opportunity to file an opposition, the language of Article 3096 implies that one must first apply for appointment to initiate proceedings. This is a necessary procedural step to ensure the sanctity of the succession, given the increased duties and liabilities of an administrator as opposed to a provisional administrator.

Here, Cheney, III never petitioned to become administrator; rather, he only petitioned to consolidate estate funds and continue the decedent's business in his capacity as provisional administrator. As such, Wanda and Patsy may not properly raise the administrator appointment issue for the first time via opposition and must file a formal petition in order to appoint Wanda administratrix. Since no

4

petition was ever filed in these proceedings, the court erred in issuing a judgment on this issue.

We note that even if a petition for appointment had properly been filed, and that petition had been opposed, the trial court did not properly appoint "the qualified claimant having the highest priority" in accordance with La.Code Civ.P. art. 3096. Louisiana Code of Civil Procedure Article 3098 states:

> A. When the appointment as administrator or dative testamentary executor is claimed by more than one qualified person, except as otherwise provided by law, preference in the appointment shall be given by the court in the following order to:
>
> (1) The best qualified among the surviving spouse, competent heirs or legatees, or the legal representatives of any incompetent heirs or legatees of the deceased.
>
> (2) The best qualified of the nominees of the surviving spouse, of the competent heirs or legatees, or of the legal representatives of any incompetent heirs or legatees of the deceased.
>
> (3) The best qualified of the creditors of the deceased or a creditor of the estate of the deceased, or a co-owner of immovable property with the deceased.

The trial court elected to choose an administrator from nominees of Cheney, III and Wanda, reasoning that Cheney, III was not best suited for the position given his lack of business experience, and Wanda was not best suited given her disregard for opening the succession and lack of accounting and potential mingling of assets. However, as the election from nominees is second in priority, it is only an option to the trial court under Article 3098 if the competent heirs seeking appointment are not qualified under the law. The Louisiana Code of Civil Procedure does not provide any necessary qualifications to become administrator; rather, it only lists the following disqualifications under La.Code Civ.P. art. 3097:

A.   No person may be confirmed as testamentary executor, or appointed dative testamentary executor, provisional administrator, or administrator who is:

(1) Under eighteen years of age;

(2) Interdicted, or who, on contradictory hearing, is proved to be mentally incompetent;

(3) A convicted felon, under the laws of the United States or of any state or territory thereof;

(4) A nonresident of the state who has not appointed a resident agent for the service of process in all actions and proceedings with respect to the succession, and caused such appointment to be filed in the succession proceeding;

(5) A corporation not authorized to perform the duties of the office in this state; or

(6) A person who, on contradictory hearing, is proved to be unfit for appointment because of bad moral character.

Here, while Cheney, III may lack experience, he is still a qualified heir under the law as he is not subject to any disqualifications.  The only argument Wanda and Patsy could potentially raise is that he never qualified as a provisional administrator given that he did not name a resident agent until after his appointment.  While he may not have qualified as a provisional administrator, this issue is irrelevant as to whether he qualifies as an administrator, considering these are two separate appointments with different duties and liabilities.  Furthermore, while Wanda failed to open the succession and potentially mingled funds without proper accounting, she still is a qualified claimant as her actions do not amount to "bad moral character" that would render her disqualified.  *See Succession of Browne*, 150 So.2d 555 (La.1963).  Since both heirs are qualified and have priority, the trial court should have appointed the best qualified heir between them

to serve as administrator had the issue properly been raised before the trial court. While a determination of the best qualified claimant normally would be subject to a de novo review given the trial court's legal error, Wanda and Patsy still failed to raise their claim for appointment of administratrix properly, and thus, we cannot issue a judgment on this point. As such, we reverse and vacate the trial court's judgment regarding the appointment of an administrator. Furthermore, considering Wanda and Patsy were never appointed succession representatives, we reverse and vacate the trial court's judgment that they be required to render a descriptive list and accounting of all estate assets as they have no obligation to perform these tasks under the law.

Beyond the appointment of Wanda as administratrix, the appellants' opposition also sought the removal of Cheney, III as provisional administrator. Louisiana Code of Civil Procedure Article 3182 outlines the removal proceedings of a succession representative:

> The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(4), or has failed to give notice of his application for appointment when required under Article 3093.

> The court on its own motion may, and on motion of any interested party shall, order the succession representative sought to be removed to show cause why he should not be removed from office. The removal of a succession representative from office does not invalidate any of his official acts performed prior to his removal.

The Official Revision Comments to Article 3182 further state:

> (a) This article drops the requirement that a succession representative be removed only in an ordinary

7

> action commenced by a petition and citation, and permits his removal in a summary proceeding commenced by a contradictory motion of an heir, creditor, or other interested person. *Cf.* Art. 1017 of the Code of Practice. If the succession representative has committed some act serious enough to justify a court in removing him, then he should be removed expeditiously.

Given that removal actions may be brought summarily, the trial court had authority to rule on appellants' claim that Cheney, III be removed from his position as provisional administrator even though this claim was first raised via opposition. As the trial court's judgment failed to address this issue, we remand the case to the trial court with instructions that it should only rule summarily on whether Cheney, III should be removed under La.Code Civ.P. art. 3182, and if not, whether he can continue the business of the decedent in his capacity as provisional administrator in accordance with La.Code Civ.P. art. 3224. The trial court is ordered to set a hearing on these issues within forty-five (45) days of remand.

V.

## CONCLUSION

For the foregoing reasons, we reverse and vacate the trial court's judgment and remand the case with instructions.

**REVERSED AND VACATED. REMANDED WITH INSTRUCTIONS.**

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

SUCCESSION OF CHARLEY A. CHENEY, SR.

**Conery, J., concurs in the result for the following reasons.**

In this case, a request for notice of application for appointment of administrator of the Succession of Charley A. Cheney, Sr. was timely and properly filed by Charley A. Cheney, III pursuant to La.Code Civ.P. arts. 3091 and 3092. He was entitled to notice should anyone apply to be appointed administrator. He was properly appointed provisional administrator and another heir, Wanda Cheney, later filed a motion to remove him as provisional administrator under La.Code Civ.P. art. 3182, and opposed his application to manage the business of the succession he had filed pursuant to La.Code Civ.P. arts. 3224-3225. Wanda also requested in her motion that she be appointed administratrix. The majority held, and I agree, that Wanda had not filed a proper application to be appointed administratrix. Charley, III was entitled to notice and an opportunity to file an opposition to Wanda's "application," even assuming Wanda's "application" for appointment as administratrix was properly filed. I agree with the majority that it was not.

Since no proper petition for application for appointment as adminisratrix was filed by Wanda with sufficient notice pursuant to La.Code Civ.P. art. 3094, I agree with the majority's decision to reverse and vacate the trial court's judgment holding that Wanda "should" not be appointed administratrix. That issue was not properly before the trial court.

Since Charley, III has never applied to be appointed administrator, only provisional administrator, I would likewise agree with the majority to reverse that portion of the trial court's judgment stating that Charley, III "should" not be appointed administrator.

The majority correctly finds removal of a succession representative, which would include provisional administrator, is governed by La.Code Civ.P. art. 3182. I also agree with the majority that the trial judge did not issue a ruling on Wanda's motion to remove Charley, III as *provisional* administrator. I agree with the majority's directive for the trial judge to decide this issue within forty-five days of the remand order. *Succession of Armentor*, 426 So.2d 1366 (La.App. 3 Cir. 1983); *Succession of Melton*, 649 So.2d 759 (La.App. 3 Cir. 1994); Kathryn Venturatos Lorio, 10 Louisiana Civil Law Treatise, Successions and Donations, § 15:6 (2d ed. 2013.

However, the majority opinion mentions in dicta that Charley, III, a non-resident, did not appoint a resident agent for service of process until February 20, 2013, which was well after the date of his appointment on November 29, 2012. Since Charley, III did, in fact, appoint a resident agent, his "late" filing of such an appointment would no longer serve as grounds for disqualification under La.Code Civ.P. art. 3097(4), or as grounds for removal under La.Code Civ.P. art. 3182. *Succession of Melton*, 649 So.2d 759; *Succession of Armentor*, 426 So.2d 1366; *Succession of Smith,* 219 So.2d 291 (La.App. 3 Cir. 1969).

Likewise, the trial judge made no ruling on Wanda's motion opposing Charley, III's petition for authority to manage the business of the estate of Charley, Sr., including the right to collect rents from the various pieces of real estate owned by the estate. An interim order permitting Charley, III to manage the business of

the estate was filed by Charley, III and signed by the trial judge on April 16, 2013, pursuant to La.Code Civ.P. art. 3224. That order was timely opposed by Wanda and a hearing was held on June 26, 2013. However, since such an interim order "shall expire at the end of forty-five days unless extended by the court" pursuant to La.Code Civ.P. art. 3225, on remand, the trial judge need not rule on this issue, but should make clear that the interim order is no longer in effect, and make such ruling on the necessity for and appointment of someone to manage the business of the estate as may properly be brought before the trial court.

Further, I disagree with the reasoning of that section of the majority opinion which states, "We note that even if a petition for appointment had properly been filed, and that petition has been opposed, the trial court did not properly appoint 'the qualified claimant having the highest priority' in accordance with La.Code Civ.P. art 3096."

The wording of the trial court's judgment on this issue stated only, "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that both parties *should* submit a name to the court from which the court will select an administrator/administratrix who will be paid out of the estate funds." (Emphasis added.) That ruling apparently was made in accordance with La.Code Civ.P. art. 3098(A)(2). Again, the judgment is indeterminate due to the use of the word "should." Further, the judgment does not set a time within which to submit such a name.

More importantly, however, since no proper application for appointment as administratrix was filed by Wanda and no application for appointment as *administrator*, was ever filed by Charley, III, either independently or in opposition to such a motion filed by Wanda, such an order is not only indeterminate, but pre-

mature. I concur in the result and would reverse that portion of the trial court's judgment on that basis, and not on the dicta articulated by the majority on this issue.

I agree with the majority's decision to vacate that portion of the trial court's judgment ordering Wanda and Patsy to "provide a detailed descriptive list and accounting of all estate property and file that list into the record of this proceeding with supporting documentation within forty-five days from the date of the judgment." Neither had filed a proper application to be appointed administratrix and such a ruling is premature.

On proper filing and setting of a motion and order to return succession property by the provisional administrator or duly appointed administrator/administratrix, that issue may then be ripe for decision by the trial court, at which time all property belonging to the succession may be ordered returned. *Comberrel v. Comberrel*, 12-1589 (La.App. 4 Cir. 6/12/13), 119 So.3d 897; *In re Succession of Banks*, 11-26 (La.App. 5 Cir. 6/29/11), 71 So.3d 1086.

I agree with the wording of the remand order, but, to the extent that Charley, III's application to continue the business of the succession has expired under La.Code Civ.P. art. 3225, it would appear that the trial court must either extend the order or a new application must be filed.