CONERY, J.,
concurs in the result for the following reasons.
Lin this case, a request for notice of application for appointment of administrator of the Succession of Charley A. Cheney, Sr. was timely and properly filed by Charley A. Cheney, III pursuant to La. Code Civ.P. arts. 3091 and 3092. He was entitled to notice should anyone apply to be appointed administrator. He was properly appointed provisional administrator and another heir, Wanda Cheney, later *669 filed a motion to remove him as provisional administrator under La.Code Civ.P. art. 3182, and opposed his application to manage the business of the succession he had filed pursuant to La.Code Civ.P. arts. 3224-3225. Wanda also requested in her motion that she be appointed administra-trix. The majority held, and I agree, that Wanda had not filed a proper application to be appointed administratrix. Charley, III was entitled to notice and an opportunity to file an opposition to Wanda’s “application,” even assuming Wanda’s “application” for appointment as administratrix was properly filed. I agree with the majority that it was not.
Since no proper petition for application for appointment as adminisratrix was filed by Wanda with sufficient notice pursuant to La.Code Civ.P. art. 3094, I agree with the majority’s decision to reverse and vacate the trial court’s judgment holding that Wanda “should” not be appointed adminis-tratrix. That issue was not properly before the trial court.
12Since Charley, III has never applied to be appointed administrator, only provisional administrator, I would likewise agree with the majority to reverse that portion of the trial court’s judgment stating that Charley, III “should” not be appointed administrator.
The majority correctly finds removal of a succession representative, which would include provisional administrator, is governed by La.Code Civ.P. art. 3182. I also agree with the majority that the trial judge did not issue a ruling on Wanda’s motion to remove Charley, III as provisional administrator. I agree with the majority’s directive for the trial judge to decide this issue within forty-five days of the remand order. Succession of Armentor, 426 So.2d 1366 (La.App. 3 Cir.1983); Succession of Melton, 649 So.2d 759 (La.App. 3 Cir.1994); Kathryn Venturatos Lorio, 10 Louisiana Civil Law Treatise, Successions and Donations, § 15:6 (2d ed.2013).
However, the majority opinion mentions in dicta that Charley, III, a non-resident, did not appoint a resident agent for service of process until February 20, 2013, which was well after the date of his appointment on November 29, 2012. Since Charley, III did, in fact, appoint a resident agent, his “late” filing of such an appointment would no longer serve as grounds for disqualification under La.Code Civ.P. art. 3097(4), or as grounds for removal under La.Code Civ.P. art. 3182. Succession of Melton, 649 So.2d 759; Succession of Armentor, 426 So.2d 1366; Succession of Smith, 219 So.2d 291 (La.App. 3 Cir.1969).
Likewise, the trial judge made no ruling on Wanda’s motion opposing Charley, Ill’s petition for authority to manage the business of the estate of Charley, Sr., including the right to collect rents from the various pieces of real estate owned by the estate. An interim order permitting Charley, III to manage the business of |sthe estate was filed by Charley, III and signed by the trial judge on April 16, 2013, pursuant to La.Code Civ.P. art. 3224. That order was timely opposed by Wanda and a hearing was held on June 26, 2013. However, since such an interim order “shall expire at the end of forty-five days unless extended by the court” pursuant to La.Code Civ.P. art. 3225, on remand, the trial judge need not rule on this issue, but should make clear that the interim order is no longer in effect, and make such ruling on the necessity for and appointment of someone to manage the business of the estate as may properly be brought before the trial court.
Further, I disagree with the reasoning of that section of the majority opinion which states, ‘We note that even if a petition for appointment had properly been filed, and that petition has been opposed, *670 the trial court did not properly appoint ‘the qualified claimant having the highest priority’ in accordance with La.Code Civ.P. art 3096.”
The wording of the trial court’s judgment on this issue stated only, “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that both parties should submit a name to the court from which the court will select an administrator/adminis-tratrix who will be paid out of the estate funds.” (Emphasis added.) That ruling apparently was made in accordance with La.Code Civ.P. art. 3098(A)(2). Again, the judgment is indeterminate due to the use of the word “should.” Further, the judgment does not set a time within which to submit such a name.
More importantly, however, since no proper application for appointment as ad-ministratrix was filed by Wanda and no application for appointment as administrator, was ever filed by Charley, III, either independently or in opposition to such a motion filed by Wanda, such an order is not only indeterminate, but pre-fmature.4 I concur in the result and would reverse that portion of the trial court’s judgment on that basis, and not on the dicta articulated by the majority on this issue.
I agree with the majority’s decision to vacate that portion of the trial court’s judgment ordering Wanda and Patsy to “provide a detailed descriptive list and accounting of all estate property and file that list into the record of this proceeding with supporting documentation within forty-five days from the date of the judgment.” Neither had filed a proper application to be appointed administratrix and such a ruling is premature.
On proper filing and setting of a motion and order to return succession property by the provisional administrator or duly appointed administrator/administratrix, that issue may then be ripe for decision by the trial court, at which time all property belonging to the succession may be ordered returned. Comberrel v. Comberrel, 12-1589 (La.App. 4 Cir. 6/12/13), 119 So.3d 897; In re Succession of Banks, 11-26 (La.App. 5 Cir. 6/29/11), 71 So.3d 1086.
I agree with the wording of the remand order, but, to the extent that Charley, Ill’s application to continue the business of the succession has expired under La.Code Civ.P. art. 3225, it would appear that the trial court must either extend the order or a new application must be filed.