STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-487

SUCCESSIONS

OF

HARRY CYPRIEN THIBODEAUX, SR.
AND IRENE DUPLANTIS THIBODEAUX,
HUSBAND AND WIFE

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. MARTIN, DOCKET NO. 14696
HONORABLE PAUL J. DEMAHY, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of J. David Painter, James T. Genovese, and Phyllis M. Keaty, Judges.

**AFFIRMED.**


Michael J. Daspit
Daspit Law Office, A Professional Law Corporation
107 East Claiborne Street
St. Martinville, Louisiana 70582
(337) 394-3290
COUNSEL FOR APPELLANTS:
     Gene Thibodeaux and Tina Thibodeaux

**Stan Gauthier, II**
**A Law Corporation**
**Michael G. Johnston, II**
**1405 West Pinhook Road, Suite 105**
**Lafayette, Louisiana  70503**
**(337) 234-0099**
**COUNSEL FOR SUCCESSION REPRESENTATIVE/APPELLEE:**
     **Harry Cyprien Thibodeaux, Jr.**


**William B. Bull**
**711 Johnston Street**
**Post Office Box 2126**
**Lafayette, Louisiana 70502**
**(337) 234-4060**
**COUNSEL FOR SUCCESSION OF GLENN W. THIBODEAUX**

**GENOVESE, Judge.**

Appellants, Gene Thibodeaux and Tina Thibodeaux (Gene and Tina), husband and wife, appeal a trial court judgment denying their claims against the successions of Gene's parents, Harry Cyprien Thibodeaux, Sr. (Harry, Sr.) and Irene Duplantis Thibodeaux (Irene). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Harry, Sr. and Irene, husband and wife,[1] owned immovable property located in St. Martin Parish, which is at issue in this matter. Harry, Sr. died testate[2] November 25, 1978. Irene died testate March 11, 2000. In December 2009, Harry Cyprien Thibodeaux, Jr. (Harry, Jr.) instituted estate proceedings to open the successions of his parents, Harry, Sr. and Irene. Harry, Jr. was ultimately appointed administrator of both the succession of Harry, Sr. and the succession of Irene.

The record reflects that on April 5, 1977, Harry, Sr. executed an olographic testament wherein he bequeathed to Irene "all [his] earthly possessions and [his] share in the property which [they] both possess[,] to use according to law[,] until [Irene's] death[,] to manage and use the revenue thereof[,] as long as she wants[.]" On December 1, 1978, all nine of the children of Harry, Sr. and Irene executed a Power of Attorney granting to Irene the authority to sell "movable property" belonging to the estate of Harry, Sr. Also in evidence is the Last Will and Testament of Irene, in statutory form, executed on January 13, 1994, wherein she

---

[1]Harry, Sr. and Irene had nine children: Glenn W. Thibodeaux (deceased), Melvin H. Thibodeaux, Harry C. Thibodeaux, Jr., Ray A. Thibodeaux, Faye Thibodeaux, Mary D. Thibodeaux, Terry J. Thibodeaux, Gene F. Thibodeaux, and Donald P. Thibodeaux.

[2]The initial pleading filed in this matter on December 29, 2009, erroneously asserted that Harry, Sr. died intestate. After a copy of Harry, Sr.'s will was located, an amended pleading was filed on November 15, 2010, correcting the previous assertion.

bequeathed to her nine children equally "all of the remaining property of which [she] die[d] possessed."

In April 2011, Gene and Tina filed a claim against the successions, asserting ownership of a wood-frame house and six acres of land[3] on which it is situated. The house and land were the community property of Harry, Sr. and Irene. Gene and Tina alleged that they purchased the house from Irene for $16,000.00, evidenced by Act of Credit Sale dated December 31, 1980.[4] Gene and Tina further claimed that, concurrent with their purchase of the house in 1980, they took possession of the land on which the house is situated;[5] consequently, they argue that they own the land pursuant to thirty-years acquisitive prescription.[6]

A bench trial was held on April 12, 2012, after which the trial court ruled, in pertinent part, as follows:

> [Louisiana] Civil Code Article 464[] defines a building as [immovable] property, so the law regarding acquisitive prescription of an [immovable] property applies to this home and, of course, to the land it sits on.
>
> In December of 1980, Mrs. [Irene] Thibodeaux signed a document purporting to sell the entire wood frame home to Gene Thibodeaux. The validity of that document can be questioned, but there's no question that Gene Thibodeaux intended to possess that property as owner, as this document is a document translative of ownership. So at that point, beginning on December 31st, 1980, Mr. Gene Thibodeaux was a good faith possessor of what Mrs. Irene Thibodeaux sold him. Mrs. Irene Thibodeaux owned a one-half interest[] in the house, which she had every right to sell to Gene Thibodeaux. She had a Power of Attorney signed by all of her children giving her certain rights over property that they owned which

---

[3]The land at issue is explicitly described as Tract 2 (3.68 acres) and Tract 3 (3.09 acres).

[4]Said Act of Credit Sale was notarized by Glenn W. Thibodeaux (deceased).

[5]Gene and Tina's claim asserting their ownership of the land was made in August 2011.

[6]Louisiana Civil Code Article 3486 provides: "Ownership and other real rights in immovables may be acquired by the prescription of thirty years without the need of just title or possession in good faith."

2

they inherited from their father. That Power of Attorney did not include the authority to sell [immovable] property, so she had no authority to sell the children's half of the building to Gene Thibodeaux. Gene Thibodeaux has possessed that home since 1980, so as of December 31st, 1990, by acquisitive prescription, he acquired Mrs. Irene Thibodeaux's one-half interest in that house. Of course, he inherited 1/18th interest from his father.

With regard to acquiring, by acquisitive prescription[,] ownership of the other interest of his siblings, the question is whether they, the other siblings[,] had notice that he was acquiring, that he was intending to possess as owner, and without question, Glenn Thibodeaux understood that because he notarized the document. However, I have heard no evidence which [sic], that any of the other siblings were notified, either by actions or words, oral or written, that Gene Thibodeaux intended to possess the property as owner. Although some of them may have had that understanding, it really doesn't make any difference because on June 4th, 1988, Gene Thibodeaux, in the letter marked Harry 1, acknowledges that the Bill of Sale that was passed on December 31st, 1980, did not transfer ownership of the siblings' interest in the property, and he acknowledged that they still own their interest in the property. That acknowledgment, according to Civil Code Article 3464, interrupted any prescription that may have been running from 1980. Therefore, even if[,] at that time, they were all notified that he intended to possess as owner, only 30 years have not passed. He could not be a good faith possessor because he acknowledged the ownership in 1988, and even if he were a bad faith possessor, the 30 years does not run until 2018.

So Gene Thibodeaux owns, of the house, he owns 5/9th interest in the house. That's the 1/18th that he inherited plus the 9/18ths that he purchased from his mother, or that he acquired by acquisitive prescription based on the sale from his mother. The other 4/9ths are owned by the other heirs of Harry Thibodeaux, Sr.

With regard to the land upon which the home sits and extending from the property of the parish near the bayou's edge to the highway, at times referred to as Lots 2 and 3 on the plat in Exhibit No.[] Gene 3, there's no question that Mr. Gene Thibodeaux possessed that property since 1980. The question is[] whether the co-owners were notified by his actions or words, written or oral, that he was intending to possess as owner. Because if a co-owner possesses property, it cannot be considered adverse possession unless he notifies by words or action the other co-owners that he intends to possess as sole owner. Based on the evidence presented, I do not find that the co-owners were notified that he intended to possess as sole owner beginning December 31st, 1980. Therefore, the land previously referred to is still

3

owned by the heirs of Harry and Irene Thibodeaux and is part of their successions.

The concomitant judgment, signed on April 23, 2012, decrees, in pertinent part:

> [J]udgment in favor of the Succession Representative and against Gene and Tina dismissing the claim of Gene and Tina to complete ownership by acquisitive prescription of [Tract 2 and Tract 3].
>
> . . . .
>
> . . . [J]udgment in favor of the Succession Representative and against Gene and Tina dismissing the claim of Gene and Tina to the ownership by acquisitive prescription to complete ownership of the [house].
>
> . . . .
>
> Considering the above it is declared that:
>
> 1. Tract 2 and 3 are owned by the above captioned succession[s].
>
> 2. The [h]ouse on Tract 2 and Tract 3 is owned in indivision by:
>
>   A. The above captioned successions in the proportion of an undivided one-half (1/2) interest; and,
>
>   B. Gene and Tina in the proportion of an undivided one-half (1/2) interest.
>
> . . . Gene and Tina reserve claims against the Succession of Irene Duplantis Thibodeaux for:
>
> 1. Overpayment of the sale price for the House; and,
>
> 2. Improvements and additions to the House; and,
>
> the Succession of Irene Duplantis reserves all exceptions and defenses to the claims of Gene and Tina as set forth above.

Gene and Tina appeal.

4

**ASSIGNMENTS OF ERROR**

Gene and Tina argue that the trial court erred in: (1) "failing to halt and/or dismiss succession proceeding in its entirety, and all actions taken in support thereof, upon showing that same is predicated on a known falsehood"; (2) "allowing administration, executorship, and private sale"; and, (3) "denying Gene and Tina Thibodeaux's claim of thirty years acquisitive prescription[.]"

**DISCUSSION**

*Assignment of Error Number One*

We decline to consider Gene and Tina's first argument relative to the alleged "known falsehood" made by Harry, Jr. in the initial pleading filed herein, i.e., that Harry, Sr. died intestate. Gene and Tina did not present this argument to the trial court at the April 12, 2012 trial. Since the issue was not properly raised in the trial court, and was not considered by the trial court, we will not address it now. *See Succession of Cheney*, 13-1455 (La.App. 3 Cir. 5/7/14), 139 So.3d 663.

*Assignment of Error Number Two*

Gene and Tina also argue that it was error for the trial court to allow Harry, Jr. to incur expenses which inure to the detriment of the successions of Harry, Sr. and Irene and that it was error for the trial court to allow a private sale of estate property based upon Harry, Jr.'s assertion that a sale was necessary to pay debts. In brief, Gene and Tina allege that Harry, Jr. "is using the fees incurred for invoking an administration and executorship as justification for invoking the administration and executorship in the first place."

Irene and Harry, Sr.'s heirs own the property from their estates in indivision. Louisiana Civil Code Article 797 defines ownership in indivision as "[o]wnership of the same thing by two or more persons[.]" Louisiana Civil Code Article 807

5

provides, in pertinent part: "No one may be compelled to hold a thing in indivision with another unless the contrary has been provided by law or juridical act. Any co-owner has a right to demand partition of a thing held in indivision." Further, La.Civ.Code art. 809 provides: "The mode of partition may be determined by agreement of all the co-owners. In the absence of such an agreement, a co-owner may demand judicial partition."

The facts in evidence support Harry, Jr.'s position that he was within his legal rights to seek a judicial partition. The interested parties herein were undoubtedly not in agreement as to any partition of the estate property. It was also clearly within the purview and discretion of the trial court to allow a private sale of estate property. This assignment of error is without merit.

### Assignment of Error Number Three

By their third assignment of error, Gene and Tina argue that the trial court erred in ruling that they did not prove notice was given to the other co-owners of their intent to possess as owners the house or the land. The trial court held that Gene and Tina only owned a one-half interest in the house, that Harry, Sr.'s estate owned one-half interest in the house, and that the estates of Harry, Sr. and Irene own the land equally.

"A co-owner . . . commences to possess for himself when he demonstrates this intent by overt and unambiguous acts sufficient to give notice to his co-owner." La.Civ.Code art. 3439. At the trial of this matter, the trial court was presented with testimony as well as documentary evidence. This is a manifest error case. *See Succession of Cole*, 12-802 (La.App. 3 Cir. 12/26/12), 108 So.3d 240, *writ denied*, 13-257 (La. 3/15/13), 109 So.3d 384. The trial court's determination that Gene and Tina did not prove notice was given to other

6

co-owners of their intent to possess as owners is a factual finding and one which we find is well-supported by the record. At trial, Harry, Jr. offered into evidence a letter he received from Gene, written in June 1988, wherein Gene acknowledged: "The 1980 Bill of [S]ale is not sufficient to give Tina and I full ownership of the . . . house." The trial court believed that this 1988 admission contradicted Gene and Tina's present-day contention that since 1980, they have given notice of their intent to possess the house as owners. The trial court further held that said admission served to interrupt any claim of prescription which may have been running from 1980.[7] We agree.

It is clear from reviewing the record, including the trial court's oral reasons for judgment, that the trial court thoroughly analyzed the evidence before it, and we find no manifest error in the trial court's factual findings. After full review, we find the record supports the trial court's determination that Gene and Tina did not prove notice was given to other co-owners of their intent to possess the house and land as owners. Thus, we affirm the trial court's April 23, 2012 judgment in its entirety.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Appellants, Gene Thibodeaux and Tina Thibodeaux.

**AFFIRMED.**

---

[7]Louisiana Civil Code Article 3464 provides: "Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe."